GUNTHER, Judge.
Frank A. Sperdute and Katheryn M. Sperdute (Sperdutes) appeal the trial court’s order denying their motion to vacate the default final judgment of foreclosure entered against them. We reverse.
The Sperdutes claim they never received the amended notice of hearing on Household Realty Corporation’s (Household) motion for summary judgment. Consequently, they failed to appear and a default final judgment was entered against them.
Once the Sperdutes learned of the default final judgment of foreclosure, they timely filed a motion to vacate the final judgment on the grounds of lack of notice and requested an evidentiary hearing on the motion. In denying the Sperdutes’ motion to vacate, the trial court apparently based its ruling solely on the affidavits filed and arguments of counsel without permitting the Sperdutes an opportunity to testify as they had orally requested. Thus, although the trial court entertained a purported evidentiary hearing, the trial court denied the Sperdutes’ request to testify at the hearing on their motion.
We agree with the Sperdutes’ contention that the trial court erred in denying them the opportunity to testify at the evidentiary hearing on their motion to vacate the default final judgment of foreclosure. As in Intercontinental Properties Inc. v. U.S. Security Services, Inc., 515 So.2d 321 (Fla. 3rd DCA 1987), the trial court in the instant case failed to conduct an adequate evidentiary hearing. Obviously, an evidentiary hearing involves taking evidence. Neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing. Since the purpose of an evidentiary hearing is to allow a party to “have a fair opportunity to contest” the factual issues, this purnose is not effectuated if a party is not allowed to testify. See Malzahn v. Malzahn, 541 So.2d 1359, 1360 (Fla. 4th DCA 1989). Furthermore, it is reversible error for a trial court to deny a party an evidentiary hearing to which he is entitled. Southeast Mortgage Co. v. Andrews, 561 So.2d 33 (Fla. 4th DCA 1990).
Thus, by denying the Sperdutes’ request to testify at the evidentiary hearing on their motion to vacate the default final judgment, the trial court effectively denied them an opportunity to be heard. Consequently, the trial court order denying the Sperdutes’ motion to vacate is reversed and the case remanded to the trial court for an evidentiary hearing which is necessary only to resolve the factual dispute as to whether *1170 the appellants received notice of the hearing for entry of a final judgment of foreclosure. If the court were to determine at such a hearing that notice was not properly given, it would only affect that portion of the final judgment which deals with unliq-uidated damages, namely the amount of attorney's fees. As to the other matters, they are concluded by the clerk’s default from which appellants have not sought relief.
REVERSED AND REMANDED.
WARNER, J., concurs.
FARMER, J., concurring in result only.