KLEIN, Judge.
Appellant plaintiff obtained a jury verdict in excess of the defendant’s insurance policy limits in a personal injury case. Plaintiff had been represented by Richard Roselli and defendant had been represented by George Allen. Several months later Brian Powers, who had been hired after the verdict to represent the individual defendant, Marlin, wrote a letter to Roselli, purporting to confirm a telephone conversation about settling the case. Subsequently, Allen, who had represented the insured in the personal injury case, moved to set aside the judgment which had been entered on the ground that the letter constituted a settlement.
The trial court granted the motion to set aside the judgment, concluding that the letter constituted a settlement. He did so, notwithstanding the fact that counsel who wrote the letter, Powers, and counsel who received the letter, Roselli, both testified that it was not intended that the letter constitute a settlement. The last sentence of the letter advised Roselli that if the letter did not reflect his understanding of the telephone conversation, he should contact the writer immediately. Roselli testified that he had done so by a telephone call. There is no evidence that the injured plaintiff agreed to any settlement.
In light of the above facts, as well as the contents of the letter, which contemplated that additional details of any settlement would have to be worked out, we conclude that there is no substantial competent evidence to support the trial court’s finding that there was a settlement. We therefore reverse the order setting aside the judgment *1051 which was grounded on the alleged settlement.
WARNER and PARIENTE, JJ., concur.