PARKER, Chief Judge.
Dr. Monsour seeks review of the final order denying his motion for relief from judgment in this contract case. Dr. Monsour argues that the default judgment that was entered against him is void because of insufficient process of service. We agree and reverse because the trial court failed to determine whether it had jurisdiction to enter a default judgment due to insufficient service of process.
Bruce Balk, A.I.A., P.A. (Balk) filed a complaint against three doctors and a hotel for breach of contract for failure to pay Balk for architectural services. Balk was unable to obtain service on the other defendants and attempted to obtain service on Dr. Monsour by serving his son, who lives in Sarasota.
Dr. Monsour lives in Pennsylvania where he practices medicine. The son alleges in his affidavit that the sheriff served the complaint on him at his personal residence. When the son realized the mistake the sheriff had made, he informed Balk that he did not represent any of the people involved in this contract and that Balk needed to serve his father in Pennsylvania. Balk allegedly told the son that he would have Dr. Monsour served in Pennsylvania. Instead, Balk filed a motion for default.
First, the trial court erred by not conducting an evidentiary hearing to determine whether or not the facts in the affidavits could be proven. See Fern, Ltd. v. Road Legends, Inc., 698 So.2d 364, 365 (Fla. 4th DCA 1997) (Court required to hold evidentia-ry hearing in face of allegations in affidavit of defendant, because if proven would establish that person served was not qualified to accept service for defendant).
If the allegations in Dr. Monsour’s and his son’s affidavits are true; Balk did not obtain service on Dr. Monsour. Balk argues that he obtained substituted service by serving Dr. Monsour’s son. Section 48.031(1)(a), Florida Statutes (1995), provides for service of process by delivery to the person at their regular abode with any person residing therein who is fifteen years or older. This does not apply because Dr. Monsour’s regular place of abode is in Pennsylvania. Furthermore, Balk did not obtain service by service on an agent of a nonresident doing business in this state. Section 48.071, Florida Statutes (1995), sets forth the procedure for serving someone who does business in Florida, but has his principal place of business or residence in another state. Balk failed to follow any of these procedures.
*970 Accordingly, if the allegations are true, then the judgment would be void because the original service was so defective that it amounted to no notice of the proceedings. This requires the trial court to set aside the judgment. See Myrick v. Walters, 666 So.2d 249 (Fla. 2d DCA 1996). Furthermore, this can be done by motion at any time. See Fla. R. Civ. P. 1.540; Saharuni v. Saharuni 343 So.2d 674 (Fla. 2d DCA 1977).
Finally, we note that Dr. Monsour correctly argues that when a contract requires arbitration of all claims between the parties, this provision is not waived by the filing of a motion to set aside a judgment or a motion to dismiss. See Duckworth v. Plant, 697 So.2d 1257 (Fla. 5th DCA 1997). As stated in Oakdale Park Ltd. v. Byrd, 346 So.2d 648, 649 (Fla. 1st DCA 1977), a party to a contract may not “flagrantly disregard” the arbitration provision and file suit. Accordingly, Dr. Monsour did not waive this provision by filing a motion for relief from judgment.
We, therefore, reverse the final order denying Dr. Monsour’s motion for relief from final judgment and remand in order for the trial court to conduct an evidentiary hearing.
PATTERSON and FULMER, JJ., concur.