SILBERMAN, Judge.
Eyal Avi-Isaac appeals the trial court’s order that grants Wells Fargo’s “Plaintiff’s Motion to Vacate Certificates of Title, Disbursements, and Sale, Set Asidé Foreclosure Sale, and Return Third Party Funds and Memorandum of Law in Support Thereof’ (motion to vacate). Because the trial court did not conduct an evidentiary hearing on Wells Fargo’s motion to vacate, we reverse and remand for further proceedings.
A final summary judgment of foreclosure determined that Wells Fargo, the mortgagee, was owed $192,664.97. The foreclosure sale was scheduled for September 9, 2008. Wells Fargo contends that during efforts to resolve the dispute with Mr. Byrd, the mortgagor, it faxed a request to cancel the sale to the court. The sale occurred despite the request. Wells Fargo was not present at the foreclosure sale, believing it had been canceled. Avi-Isaac purchased the property at the foreclosure sale for $2000. It is undisputed that at the time of the foreclosure sale, the assessed value of the property was $100,600.
On September 15, 2008, Wells Fargo served on Avi-Isaac “Plaintiffs Objection to Sale and Motion to Return Third Party Funds, Vacate Certificate of Sale and Set Aside Foreclosure Sale” (the objection). The objection was not docketed, however, until December 2, 2008. Wells Fargo contends that the document was sent directly to the presiding judge’s chambers and that it was riot docketed in accordance with Florida Rule of Civil Procedure 1.080(e). Because the clerk of court did not realize that there was a pending objection, it is *176 sued a certificate of title to Avi-Isaac. See § 45.031(5), Fla. Stat. (2008) (providing that “[i]f no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title”).
A hearing on Wells Fargo’s objection had been set for December 1, 2008, but was canceled. Wells Fargo alleges that it had been in contact with Avi-Isaac to negotiate a settlement and set aside the sale. Wells Fargo asserts that the negotiations came to a standstill, resulting in Wells Fargo filing its motion to vacate. The motion to vacate cites to Florida Rule of Civil Procedure 1.540(b) and addresses the provision which allows for relief from a proceeding based on “mistake, inadvertence, surprise, or excusable neglect.” Fla. R. Civ. P. 1.540(b). The motion also relies upon Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966), which provides that equity may act to set aside a foreclosure sale when (1) the foreclosure sale price was grossly inadequate and (2) the inadequacy of the price resulted from a “mistake, accident, surprise, fraud, misconduct or irregularity” in connection with the sale that caused injustice to the complaining party. See also United Cos. Lending Corp. v. Abercrombie, 713 So.2d 1017, 1018 (Fla. 2d DCA 1998) (quoting Arlt, 190 So.2d at 577).
On August 18, 2009, Wells Fargo served a copy of the affidavit of Daid A. Roger on Avi-Isaac’s counsel. Ms. Roger indicated in her affidavit that she faxed the request to cancel the foreclosure sale to the clerk of court. Attached to the affidavit is a copy of the fax transaction report. Roger also indicated that she supervised the dispatch by overnight delivery of Wells Fargo’s objection to the sale. Attached to the affidavit are copies of a UPS proof of dispatch on September 16, 2008, and a copy of a UPS proof of delivery on September 17, 2008.
A hearing was held on the motion to vacate on August 21, 2009. At the hearing, Avi-Isaac argued that a certificate of title had been issued, that Wells Fargo was proceeding under rule 1.540(b), and that he was entitled to an evidentiary hearing, but that “all we have had is an affidavit filed at the last minute.” He argued that there had “been no testimony or no opportunity to cross-examine, particularly on the UPS mailing.” Avi-Isaac stated that no notice of cancellation of sale was filed with the clerk and that a Sarasota County administrative order required that the circuit judge order the cancellation of the sale. He further asserted that he could not file a counter-affidavit to Roger’s affidavit saying that the notice was faxed when the court had no record of it. Avi-Isaac argued that Wells Fargo’s counsel was a mortgage foreclosure plaintiffs firm and should have known how to cancel a sale and to follow up to check that it was done.
The trial court stated at the hearing that the problem with the foreclosure sale was not the mistake of the law firm but the mistake of the court and characterized it as an inherently defective sale. The trial court granted the motion to vacate and found that there was notice “given to the Clerk that somehow or other didn’t get to the foreclosure clerk.” The trial court further found that Wells Fargo timely filed its objection to the sale with the court but that the objection did not get to the clerk in time. In its written order, the court determined that Wells Fargo met its burden under rule 1.540 and the two-pronged test set out in the Arlt line of cases.
Our standard of review on the trial court’s determination of whether Wells Fargo made the necessary showing to set aside the foreclosure sale is for a *177 gross abuse of discretion. See Palacios v. Fla. Funding Trust, 32 So.3d 167, 170 (Fla. 2d DCA 2010); Abercrombie, 713 So.2d at 1018. A purchaser at a foreclosure sale is entitled to notice and an opportunity to be heard on a motion to vacate the sale. See Shlishey the Best, Inc. v. CitiFinancial Equity Servs., Inc., 14 So.3d 1271, 1275 (Fla. 2d DCA 2009). And “it is reversible error for a trial court to deny a party an evidentiary hearing to which he is entitled.” Sperdute v. Household Realty Corp., 585 So.2d 1168, 1169 (Fla. 4th DCA 1991) (determining that the trial court erred in not permitting the defendants to testify regarding the subject of notice at the hearing on their motion to vacate a default final judgment of foreclosure). Of course, “[njeither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing.” Id. The court in Sperdute determined that “by denying the Sperdutes’ request to testify at the evidentiary hearing on their motion to vacate the default final judgment, the trial court effectively denied them an opportunity to be heard.” Id.
In Monsour v. Balk, 705 So.2d 968, 969 (Fla. 2d DCA 1998), this court addressed the failure to hold an evidentiary hearing on a motion for relief from judgment. This court determined that the trial court erred by not holding an evidentiary hearing to determine whether the movant could prove the facts alleged in his affidavit regarding insufficient service of process. Id.; see also Estate of Willis v. Gaffney, 677 So.2d 949, 951 (Fla. 2d DCA 1996) (reversing the denial of a motion for relief from final judgment and remanding for an evidentiary hearing so that the trial court could determine the credibility of the allegations contained in the affidavit); Depelisi v. Wishner, 15 So.3d 808, 810 (Fla. 4th DCA 2009) (determining that the plaintiff was entitled to an evidentiary hearing on his rule 1.540 motion to vacate the dismissal of his complaint in order to address whether the plaintiff had received notice of hearings).
Here, the trial court relied on Roger’s recently filed affidavit to determine that the foreclosure sale was inherently defective. Avi-Isaac objected to the trial court not conducting an evidentiary hearing and argued that he could not cross-examine the representative from the law firm regarding the matters asserted in the affidavit. Although the. trial court conducted a hearing on the motion,. Avi-Isaac did not have a meaningful opportunity to be heard when he was denied an evidentia-ry hearing where he could contest the facts alleged in . the affidavit. Therefore, we reverse the trial court’s order and remand for an evidentiary hearing on Wells Fargo’s motion to vacate.
Reversed and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.