DAVIS, Judge.
 

 Novastar Mortgage, Inc., challenges the trial court’s order granting Shedrick Ar-bonnetta Bucknor’s motion to set aside and vacate the final judgment of foreclosure and to void the foreclosure sale, the certificate of sale, and the certificate of title. Because the trial court granted Bucknor’s motion without first conducting an eviden-tiary hearing, we reverse.
 

 Novastar moved to foreclose the note and mortgage it held for Bucknor’s property, which had been damaged by a sinkhole. As the foreclosure was proceeding, Bucknor was also in negotiations with her insurance company to recover sinkhole-related damages. After Novastar moved for summary judgment of foreclosure but before the final hearing on the matter, an agreement concerning the settlement of the insurance claim was reached. In her motion to set aside, Bucknor alleged that she contacted a representative for Novas-tar and discussed using the insurance check to bring the property out of foreclosure. According to Bucknor, she was told
 
 *960
 
 that the scheduled hearing on the motion for summary judgment would be canceled and that she did not need to attend. The hearing, however, was not canceled, and a summary judgment of foreclosure was entered in Bucknor’s absence.
 

 Bucknor then moved to set aside the final judgment of foreclosure, alleging pursuant to Florida Rule of Civil Procedure 1.540(b)(3) that her reliance on misrepresentations by Novastar led her to believe that the insurance check would bring the property out of foreclosure and that the hearing would be canceled. The trial court held a hearing on Bucknor’s rule 1.540(b) motion but took no sworn testimony or evidence at the hearing. Relying solely on the written submissions of the parties and the arguments of counsel, the trial court granted the motion and set aside the final judgment of foreclosure based on Novastar’s bad faith.
 

 Although Bucknor’s allegations against Novastar may support the granting of a rule 1.540(b)(3) motion, the trial court erred in basing such a determination on the conflicting affidavits of the parties instead of holding an evidentiary hearing on the motion.
 
 See Avi-Isaac v. Wells Fargo Bank, N.A.,
 
 59 So.3d 174, 177 (Fla. 2d DCA 2011) (“Of course, ‘[njeither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing.’ ” (alteration in original) (quoting
 
 Sperdute v. Household Realty Corp.,
 
 585 So.2d 1168, 1169 (Fla. 4th DCA 1991)));
 
 Rosenthal v. Ford,
 
 443 So.2d 1077, 1078 (Fla. 2d DCA 1984) (“Appellant has ... made allegations of fraud and misrepresentation on the part of appellee as an inducement to her consent to the terms of the final judgment.... The credibility of appellant’s allegations should only be determined by the trial court after an eviden-tiary hearing thereon.”).
 

 We note that although the record currently before this court does not indicate whether Novastar even requested an evi-dentiary hearing, its failure to do so would have no impact on our disposition here.
 
 See S. Bell Tel. & Tel. Co. v. Welden,
 
 483 So.2d 487, 489 (Fla. 1st DCA 1986) (“In circumstances such as th[ese] where the moving party’s allegations raise a colorable entitlement to rule 1.540(b)(3) relief, a formal evidentiary hearing on the motion, as well as permissible discovery prior to the hearing, is required.”).
 

 Accordingly, we reverse the order setting aside the final summary judgment of foreclosure and remand for the trial court to hold an evidentiary hearing prior to making its findings of fact regarding the allegations. We note that nothing in this opinion should be construed as a determination on the merits of the claims raised in Bucknor’s rule 1.540(b) motion.
 

 Reversed and remanded.
 

 NORTHCUTT and VILLANTI, JJ„ Concur.