STEVENSON, J.
SunTrust Bank (“SunTrust”) appeals the trial court’s order granting the appel-lees/garnishors’ rule 1.540(b)(3) motion to vacate a final judgment of garnishment based on alleged misrepresentations in SunTrust’s answer to the writ. Because the order was issued without holding an evidentiary hearing, we reverse.
This appeal stems from a final judgment upon default, in the amount of $1,792,558.75, entered against James B. Hayes, Esq. and James B. Hayes, P.A. (collectively “Hayes”), in favor of the ap-pellees, Dr. Marc Puleo and Jeffrey D. Puleo, individually and as Co-Personal Representatives of the Estate of Susan Puleo (collectively “Garnishors”). On the same day that the final judgment was entered, Garnishors issued a writ of garnishment after judgment that was served on SunTrust, as garnishee. SunTrust served an answer on December 10, 2009. Based on this answer, Garnishors filed a motion for final judgment of garnishment upon confession by SunTrust. The trial court entered a final judgment of garnishment against SunTrust, in the amount of $196,780.61.
On August 19, 2010, Garnishors filed their Florida Rule of Civil Procedure 1.540(b)(3) motion to vacate final judgment of garnishment. The motion alleged that SunTrust concealed monies subject to garnishment in its answer, misrepresented material facts and failed to immediately place a hold on one of Hayes’ accounts. Garnishors alleged SunTrust failed to disclose that three days after it was served with the writ, a wire transfer occurred from Hayes’ account at SunTrust to a Wa-chovia account held in the name of “James *1039 B. Hayes, P.A.” and two checks were cashed by James B. Hayes. Garnishors attached numerous documents to their motion, including a “Funds Transfer Authorization” sheet reflecting a wire transfer in the amount of $145,000, copies of two checks cashed by James B. Hayes, e-mails relating to activity on the Hayes’ account and an affidavit from Garnishors’ attorney. SunTrust filed a response in which it argued that Garnishors waived the right to challenge the answer; that SunTrust did not intentionally misrepresent any information; that SunTrust timely placed a hold on Hayes’ account; and that the wire transfer did not occur on the date alleged by Garnishors. SunTrust also provided an affidavit from its in-house counsel who attested that no misrepresentations were made.
A brief hearing was held on Gar-nishors’ motion. However, the parties presented no evidence, though SunTrust requested additional time to do so. The trial court denied the request and granted the motion to vacate. A trial court’s determination on a motion for relief from judgment is reviewed for an abuse of discretion. See Freemon v. Deutsche Bank Trust Co. Americas, 46 So.3d 1202, 1204 (Fla. 4th DCA 2010). “If the allegations in the moving party’s motion for relief from judgment ‘raise a colorable entitlement to rule 1.540(b)(3)’s relief, a formal evidentia-ry hearing on the motion, as well as permissible discovery prior to the hearing, is required.’ ” Dynasty Express Corp. v. Weiss, 675 So.2d 235, 239 (Fla. 4th DCA 1996) (quoting S. Bell Tel. & Tel. Co. v. Welden, 483 So.2d 487, 489 (Fla. 1st DCA 1986)).
Garnishors’ motion raised a color-able claim that SunTrust misrepresented information. However, SunTrust denied any wrongdoing and challenged Garnish-ors’ representation of the facts. Thus, an evidentiary hearing was necessary. See Novastar Mortg., Inc. v. Bucknor, 69 So.3d 959, 960 (Fla. 2d DCA 2011) (holding that trial court erred in granting rule 1.540(b)(3) motion to vacate without holding evidentiary hearing where allegations supported granting motion, but opposing party presented conflicting affidavit); see also Avi-Isaac v. Wells Fargo Bank, N.A., 59 So.3d 174, 177 (Fla. 2d DCA 2011) (reversing trial court’s order granting rule 1.540(b) motion to vacate because trial court failed to hold evidentiary hearing and denied opposing party meaningful opportunity to be heard).

Reversed.

MAY, C.J., and CIKLIN, J., concur.