NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DANIEL ARCILA,                          )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No. 2D13-2366
                                        )
BAC HOME LOANS SERVICING, L.P.,         )
                                        )
          Appellee.                     )
_____ )

Opinion filed August 6, 2014.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pinellas County;
Mark I. Shames, Judge.

George J. F. Werner, Ybor City, for
Appellant.

Geoffrey A. Pette of Elizabeth R. Wellborn,
P.A., Deerfield Beach, for Appellee.


MORRIS, Judge.

          Daniel Arcila appeals a nonfinal order granting a motion filed by BAC

Home Loans Servicing, L.P. (BAC), to vacate an order dismissing its foreclosure

complaint for lack of prosecution.  We reverse and remand for further proceedings.

BAC filed a foreclosure action against Arcila in April 2010. No record activity occurred between March 2011 and January 2012. In January 2012, the trial court entered a notice of lack of prosecution. On April 9, 2012, an order was entered dismissing the action for lack of prosecution. On April 2, 2013, BAC filed its motion to vacate pursuant to Florida Rule of Civil Procedure 1.540(b), which provides in part that a motion for relief from judgment on the basis of "(1) mistake, inadvertence, surprise, or excusable neglect" may be filed within one year of the judgment. BAC claimed that its counsel was unaware of the notice of lack of prosecution "through inadvertent mishandling." BAC alleged that "[a]lmost immediately after . . . counsel learned of the dismissal [o]rder," BAC prepared and filed the motion to vacate. On April 18, 2013, the trial court granted BAC's motion to vacate and reinstated the case.

On appeal, Arcila argues that the trial court erred in granting BAC's motion without first holding an evidentiary hearing. A trial court errs in granting a motion for relief from judgment without affording the opposing party an opportunity to be heard at an evidentiary hearing. See, e.g., Avi-Isaac v. Wells Fargo Bank, N.A., 59 So. 3d 174, 177 (Fla. 2d DCA 2011); see also Monsour v. Bruce Balk, A.I.A., P.A., 705 So. 2d 968, 969 (Fla. 2d DCA 1998) (holding that trial court erred in denying motion for relief from judgment alleging defective service without "conducting an evidentiary hearing to determine whether or not the facts in the affidavits could be proven"); Schuman v. Int'l Consumer Corp., 50 So. 3d 75, 77 (Fla. 4th DCA 2010) ("[T]he motion for relief from judgment stated a claim of 'colorable entitlement to relief' that would require the trial court to conduct an evidentiary hearing before dismissing the motion.").

In Avi-Isaac, a bank sought to set aside a foreclosure sale on the same basis as in this case—mistake, inadvertence, surprise, or excusable neglect under rule 1.540(b)(1). The bank alleged that docketing and filing errors had mistakenly resulted in the foreclosure sale taking place. 59 So. 3d at 175-76. After a nonevidentiary hearing, the trial court granted the bank's motion to set aside the sale, despite the purchaser's request for an evidentiary hearing. Id. at 176. On appeal, this court reversed, concluding that the trial court should have held an evidentiary hearing and provided the purchaser with an opportunity to "cross-examine the representative from the law firm" regarding the docketing and filing errors. Id. at 177.

This court reached a similar holding in Shlishey the Best, Inc. v. CitiFinancial Equity Services, Inc., 14 So. 3d 1271 (Fla. 2d DCA 2009), wherein the trial court granted a bank's motion to vacate foreclosure sale without providing the purchaser an opportunity to be heard. This court held that the trial court erred because the purchaser "had neither notice nor an opportunity to be heard," id. at 1275, and that " '[d]ue process mandates that in any judicial proceeding, the litigants must be afforded the basic elements of notice and opportunity to be heard,' " id. at 1274 (quoting E.I. DuPont De Nemours & Co. v. Lambert, 654 So. 2d 226, 228 (Fla. 2d DCA 1995)).

BAC alleged in its timely, sworn motion to vacate that counsel was unaware of the notice of lack of prosecution "through inadvertent mishandling" at his firm and that counsel prepared the motion to vacate "[a]lmost immediately after . . . counsel learned of the dismissal [o]rder." Even though this was sufficient to state a colorable entitlement to relief on the basis of mistake, inadvertence, or neglect under

rule 1.540(b),[1] the trial court erred in granting BAC's motion without first giving Arcila an opportunity to be heard on the matter. See McCrea v. Deutsche Bank Nat'l Trust Co., 993 So. 2d 1057, 1058-59 (Fla. 2d DCA 2008) (holding that by failing to hold hearing before trial court vacated order of dismissal based on ex parte communications with one party, trial court precluded other party from addressing whether the order should be properly vacated as the product of mistake under rule 1.540(b); reversing for a hearing on the matter). Accordingly, we reverse the order granting BAC's motion to vacate and remand for further proceedings.

Reversed and remanded.

VILLANTI and BLACK, JJ., Concur.

---

[1]BAC's allegations amount to secretarial error or oversight as the reason BAC's counsel did not appear at the hearing or respond to the notice of lack of prosecution. See Wilson v. Woodward, 602 So. 2d 547, 548-49 (Fla. 2d DCA 1992) (holding that trial court erred in denying motion for relief from summary judgment filed pursuant to rule 1.540(b) where counsel alleged, with supporting affidavits, that he had missed the summary judgment hearing due to secretarial mistake and that counsel's failure "to appear at the hearing [was] because of a mistake and not because of any wilful and flagrant act"); J.J.K. Int'l, Inc. v. Shivbaran, 985 So. 2d 66, 68-69 (Fla. 4th DCA 2008) (holding that counsel's failure to appear for hearing due to secretarial error was excusable neglect under rule 1.540(b) and recognizing that rule 1.540(b) should be liberally construed because Florida policy "states a preference for deciding a case on its merits rather than on a technicality"); Somero v. Hendry Gen. Hosp., 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985) ("[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits."); cf. Spencer v. EMC Mortg. Corp., 97 So. 3d 257, 261 (Fla. 3d DCA 2012) (holding that bank's complaint should have been dismissed for failure to prosecute because bank's new counsel was aware of the notice of lack of prosecution and had time to conduct record activity to avoid dismissal for lack of prosecution).