DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SVI CAPITAL, LLC,**
Appellant,

v.

**BANK OF AMERICA, N.A.**, SUCCESSOR BY MERGER TO BAC HOME
LOANS SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS
SERVICING, LP, **ANTHONY TURNER** and **SUSAN TURNER,**
Appellees.

No. 4D14-2432

[April 22, 2015]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Eli Breger, Judge; L.T. Case No. 502007CA021156 XXXXMBAW.

Craig A. Pugatch and Christian Savio of Rice Pugatch Robinson & Schiller, P.A., Fort Lauderdale, for appellant.

Mary J. Walter, J. Randolph Liebler, Tricia J. Duthiers and Joshua R. Levine of Liebler, Gonzalez & Portuondo, Miami, for appellee Bank of America, N.A.

Thomas P. Murphy of T.P. Murphy's Law P.A., Miami, for appellees Anthony Turner and Susan Turner.

STEVENSON, J.

SVI Capital, LLC, appeals an order granting Bank of America's motion to set aside foreclosure sale. We reverse and remand for an evidentiary hearing.

SVI Capital argues on appeal that the trial court erred in granting Bank of America's motion without first allowing an evidentiary hearing. We agree. "A purchaser at a foreclosure sale is entitled to notice and an opportunity to be heard on a motion to vacate a sale." *Avi-Isaac v. Wells Fargo Bank, N.A.*, 59 So. 3d 174, 177 (Fla. 2d DCA 2011). Bank of America filed the affidavit in support of its motion only two days before the hearing. SVI Capital requested that it be allowed time to depose the affiant or that

the trial court take evidence on the mistake issue. The trial court allowed neither. This was error. *See id.* (reversing and remanding order granting bank's motion to vacate sale because purchaser "did not have a meaningful opportunity to be heard when he was denied an evidentiary hearing where he could contest the facts alleged in the affidavit"); *Sperdute v. Household Realty Corp.*, 585 So. 2d 1168, 1169 (Fla. 4th DCA 1991) ("Neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing.").

Bank of America asserted two additional grounds for setting aside the foreclosure sale. Neither can serve to affirm the trial court's order. The first ground centered on its pending settlement agreement with the homeowner; however, there was no evidence in the record of a settlement agreement.[1] At the hearing, counsel for SVI Capital questioned the existence of such an agreement. *Cf. Wells Fargo Bank, N.A. v. Lupica*, 36 So. 3d 875, 876 (Fla. 5th DCA 2010) (finding it unnecessary for bank to attach to its unopposed motion to vacate foreclosure sale evidence of a settlement agreement where the settlement was undisputed). Bank of America's second ground concerned the gross inadequacy of SVI Capital's purchase price in comparison to the amount of the final judgment. Counsel for Bank of America stated at the hearing that the amount paid by SVI Capital was "not grossly inadequate," and there was no additional argument or evidence concerning the adequacy of the purchase price.

Based on the forgoing, we reverse and remand for the trial court to hold an evidentiary hearing.

*Reversed and remanded for further proceedings.*

CIKLIN and KLINGENSMITH, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Counsel for Bank of America stated at the hearing that there was a settlement agreement; however, "[a]rgument by counsel who is not under oath is not evidence." *DiSarrio v. Mills*, 711 So. 2d 1355, 1357 (Fla. 2d DCA 1998).