NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BAYVIEW LOAN SERVICING, LLC,              )
                                          )
          Appellant,                      )
                                          )
v.                                        )          Case No.  2D17-3608
                                          )
HUSO DZIDZOVIC; EAST LAKE                 )
WOODLANDS MASTER ASSOCIATION,             )
INC., a dissolved corporation;            )
GREENHAVEN UNIT ONE ASSOCIATION,)
INC.; EDINA DZIDZOVIC; JPMORGAN           )
CHASE BANK, NATIONAL ASSOCIATION,)
successor in interest by purchase from the )
Federal Deposit Insurance Corporation, as )
received for Washington Mutual Bank f/k/a )
Washington Mutual Bank, FA,               )
                                          )
          Appellees.                      )
_____)

Opinion filed June 22, 2018.

Appeal from the Circuit Court for Pinellas
County; Jack R. St. Arnold, Judge.

Jonathan L. Black of Phelan Hallinan
Diamond & Jones, PLLC, Fort Lauderdale,
for Appellant.

No appearance for Appellees.


LaROSE, Chief Judge.

          Bayview Loan Servicing, LLC, appeals the trial court's order granting Huso

Dzidzovic's motion to vacate the final judgment of foreclosure and dismissing its

foreclosure action.[1]  We have jurisdiction.  See Fla. R. App. P. 9.030(b)(1)(A).  The trial court entered the order ex parte without a hearing.  Further, no competent substantial evidence supports the order.  Consequently, we reverse and remand.

## Background

The trial court entered a final judgment of foreclosure against Mr. Dzidzovic.  He appealed.  By stipulation, the parties voluntarily dismissed the appeal.  See Dzidzovic v. Bayview Loan Servicing, LLC, 233 So. 3d 1091 (Fla. 2d DCA 2017).  Thereafter, the trial court scheduled a foreclosure sale.

Several weeks before the sale and pursuant to Florida Rule of Civil Procedure 1.540(b), Mr. Dzidzovic filed a "motion to vacate final judgment and dismiss action and motion to enforce settlement or in the alternative to reschedule sale date."  He alleged that he had entered into a loan modification agreement with Bayview, following the final judgment, that he was in compliance with the terms of that agreement, and that Bayview was imprudently proceeding with the foreclosure sale.

On the same day that the motion was filed, the trial court, without hearing, entered an order granting the motion, vacated the final judgment, and dismissed the foreclosure action.  Bayview filed an unsuccessful motion for rehearing.

## Analysis

We "review an order granting a [rule 1.540(b)] motion . . . for abuse of discretion."  State Farm Mut. Auto. Ins. Co. v. Statsick, 231 So. 3d 528, 531 (Fla. 2d DCA 2017).  Thus, we afford the trial court's ruling a degree of deference, such that it will be affirmed unless the "judicial action is arbitrary, fanciful, or unreasonable . . . .

---

[1]Defaults were entered against the codefendants below, including Edina Dzidzovic.  None of the codefendants appeared in this appeal.

- 2 -

[D]iscretion is abused only where no reasonable [person] would take the view adopted by the trial court." Trease v. State, 768 So. 2d 1050, 1053 n.2 (Fla. 2000) (second alteration in original) (quoting Huff v. State, 569 So. 2d 1247, 1249 (Fla. 1990)). The trial court's order is problematic for three reasons.

First, by entering the order the same day the motion was filed, and without giving Bayview an opportunity to be heard, the trial court acted ex parte. This was error. "Due process mandates that in any judicial proceeding, the litigants must be afforded the basic elements of notice and opportunity to be heard." E.I. DuPont De Nemours & Co. v. Lambert, 654 So. 2d 226, 228 (Fla. 2d DCA 1995); see also Arcila v. BAC Home Loans Servicing, L.P., 145 So. 3d 897, 898-99 (Fla. 2d DCA 2014) (reversing trial court's ex parte order vacating an order of dismissal); Shlishey the Best, Inc. v. CitiFinancial Equity Servs., Inc., 14 So. 3d 1271, 1274-75 (Fla. 2d DCA 2009) (reversing the trial court's ex parte order granting a motion to vacate a foreclosure sale where the third-party purchaser was provided neither notice nor an opportunity to be heard).

Second, the trial court failed to conduct an evidentiary hearing on the motion. "Where a motion under rule 1.540(b) sets forth 'a colorable entitlement to relief,' the trial court should conduct an evidentiary hearing to determine whether such relief should be granted." Cottrell v. Taylor, Bean & Whitaker Mortg. Corp., 198 So. 3d 688, 691 (Fla. 2d DCA 2016) (quoting Chancey v. Chancey, 880 So. 2d 1281, 1282 (Fla. 2d DCA 2004)). Mr. Dzidzovic's allegation that the parties entered a loan modification agreement was a colorable claim for rule 1.540(b) relief. Cf. Nowlin v. Nationstar Mortg., LLC, 193 So. 3d 1043, 1045 (Fla. 2d DCA 2016) ("We conclude that there was a valid modification agreement between BAC and the Nowlins and, therefore, the trial court erred in entering the judgment of foreclosure.").

- 3 -

Further, "[a] trial court errs in granting a motion for relief from judgment without affording the opposing party an opportunity to be heard at an evidentiary hearing." Arcila, 145 So. 3d at 898; see also Novastar Mortg., Inc. v. Bucknor, 69 So. 3d 959, 960 (Fla. 2d DCA 2011) (holding that the trial court erred in granting rule 1.540(b)(3) motion to vacate without holding evidentiary hearing where allegations supported granting motion, but opposing party presented conflicting affidavit); Avi-Isaac v. Wells Fargo Bank, N.A., 59 So. 3d 174, 177 (Fla. 2d DCA 2011) (reversing and remanding order granting the bank's motion to vacate sale because the purchaser "did not have a meaningful opportunity to be heard when he was denied an evidentiary hearing where he could contest the facts alleged in the affidavit"); McCrea v. Deutsche Bank Nat'l Trust Co., 993 So. 2d 1057, 1058-59 (Fla. 2d DCA 2008) (holding that the trial court's failure to conduct a hearing before vacating a prior order of dismissal based upon ex parte communications with only one of the parties improperly excluded the other party from addressing whether the order should be vacated as the product of mistake under rule 1.540(b)); Monsour v. Balk, 705 So. 2d 968, 969 (Fla. 2d DCA 1998) (holding that trial court erred in denying motion for relief from judgment without "conducting an evidentiary hearing to determine whether or not the facts in the affidavits could be proven"); Schuman v. Int'l Consumer Corp., 50 So. 3d 75, 77 (Fla. 4th DCA 2010) ("[T]he motion for relief from judgment stated a claim of 'colorable entitlement to relief' that would require the trial court to conduct an evidentiary hearing before dismissing the motion.").

Third, the order is not supported by competent substantial evidence. " 'The making of a contract depends not on the agreement of two minds in one intention but on the agreement of two sets of external signs.' A trial court's finding of a meeting

of the minds must be supported by competent substantial evidence." Cheverie v. Geisser, 783 So. 2d 1115, 1119 (Fla. 4th DCA 2001) (first quoting Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985); then citing Roggio-Wilgus v. Marlin, 699 So. 2d 1050 (Fla. 4th DCA 1997)). Because there was no evidence demonstrating the existence of a loan modification agreement, the trial court abused its discretion in granting Mr. Dzidzovic's motion. See Sourcetrack, LLC. v. Ariba, Inc., 34 So. 3d 766, 768 (Fla. 2d DCA 2010) ("[D]iscretion can only be exercised by a court after it has received competent, substantial evidence permitting a discretionary decision."); see also Rude v. Golden Crown Land Dev. Corp., 521 So. 2d 351, 353 (Fla. 2d DCA 1988) ("Absent such evidence, a court's vacation of final judgment constitutes an abuse of discretion.").

Bayview argues that the parties never entered a loan modification agreement. Be that as it may, we are without authority to make such a finding. See Farneth v. State, 945 So. 2d 614, 617 (Fla. 2d DCA 2006) ("A fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact."); Douglass v. Buford, 9 So. 3d 636, 637 (Fla. 1st DCA 2009) ("Sitting as an appellate court, we are precluded from making factual findings ourselves in the first instance."). The trial court, as fact-finder, must make that determination.

In light of the foregoing, we must reverse the order on appeal and remand for the trial court to conduct a hearing. In doing so, we do not opine on Bayview's contention that Mr. Dzidzovic's motion was time-barred. We note that Mr. Dzidzovic filed his motion over one year after entry of the final judgment of foreclosure. This fact is not necessarily dispositive under rule 1.540(b).

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.

Fla. R. Civ. P. 1.540(b). Although "[t]he motion shall be filed . . . for reasons (1), (2), and (3) not more than 1 year after the judgment . . . was entered," the only time constraint for a motion under rule 1.540(b)(5) is that it be filed "within a reasonable time" following entry of judgment. Id. We leave it to the trial court, on remand, to determine the timeliness of the motion in light of an alleged loan modification agreement that may have superseded the foreclosure judgment. See In re Guardianship of Schiavo, 792 So. 2d 551, 560 (Fla. 2d DCA 2001) ("[R]ule [1.540(b)(5)] requires the movant to establish that significant new evidence or substantial changes in circumstances arising after the entry of the judgment make it 'no longer equitable' for the trial court to enforce its earlier order.").

## Conclusion

We reverse the order on appeal and remand for further proceedings consistent with this opinion.

Reversed and remanded.


CRENSHAW and LUCAS, JJ., Concur.

- 6 -