# Third District Court of Appeal

## State of Florida

Opinion filed October 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0123
Lower Tribunal No. 24-06556-CA-01
_____

**Joel Ramsey, et al.,**

Appellants,

vs.

**City First Mortgage Corp., et al.,**

Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Nashid Sabir, for appellants.

Diaz & Affiliates, P.A., and Kevin Diaz, for appellee, Alexandria Investment, LLC.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellants, Joel Ramsey and 7 Zeros Group, LLC, the mortgagors, appeal a lower court order overruling their objection to a judicial mortgage foreclosure sale and directing the clerk to issue a certificate of title to the third-party bidder, Alexandria Investment, LLC.[1] On appeal, appellants assert that the trial court improperly exercised personal jurisdiction over them because service of process was defective. The challenged rulings followed clerical and judicial defaults, an uncontested final summary judgment rendered in favor of City Mortgage Corp., the mortgagee, and the discredited assertion that Ramsey filed for bankruptcy protection before the scheduled sale date. Upon our de novo review, we conclude that Ramsey waived the asserted error by failing to raise lack of personal jurisdiction at the first opportunity. See Clear 2 Close Title, LLC v. Zap Cap., Inc., 373 So. 3d 1183, 1187 (Fla. 3d DCA 2023) ("A trial court's ruling on a motion to quash service of process, to the extent it involves questions of law, is subject to de novo review."); see also Snider v. Metcalfe, 157 So. 3d 422, 424 (Fla. 4th DCA 2015) ("Lack of personal jurisdiction is a waivable defense that must be raised at the 'first opportunity' and before the defendant takes any steps in the proceeding constituting submission to the court's jurisdiction."). But the same cannot be said for 7 Zeros, as it moved to quash service in its first

---

[1] City First Mortgage Corp. did not file an answer brief.

authorized motion.  See Magnolias Nursing & Convalescent Ctr. v. Dep't of Health & Rehab. Servs., Off. of Licensure & Certification, 428 So. 2d 256, 257 (Fla. 1st DCA 1982) ("[A]lthough an individual may represent himself in court without necessity of employing an attorney, a corporation is not permitted to do so, and a pleading signed in the corporate name by one of its agents or officials is a nullity, and must be disregarded.").  Accordingly, we affirm the order as to Ramsey but reverse and remand with instructions to the trial court to conduct an evidentiary hearing as to the validity of service of process upon 7 Zeros.[2]

Affirmed in part; reversed in part; remanded.

---

[2] See Oshana v. Lopiano, 314 So. 3d 311, 312 (Fla. 3d DCA 2020) (finding trial court was required to hold evidentiary hearing on issues relating to service of process before rendering denying motion to vacate final judgment); Travelers Ins. Co. v. Davis, 371 So. 2d 702, 703 (Fla. 3d DCA 1979) (reversing order quashing service of process and requiring evidentiary hearing to first determine validity of service of process); Avi–Isaac v. Wells Fargo Bank, N.A., 59 So. 3d 174, 177 (Fla. 2d DCA 2011) ("[N]either the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing." (quoting Sperdute v. Household Realty Corp., 585 So. 2d 1168, 1169 (Fla. 4th DCA 1991))).

3