# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0538
Lower Tribunal No. 13-32262-FC-04
_____

**State of Florida, et al.,**
Appellants,

vs.

**Saul F. Scruggs,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Senior Judge.

James Uthmeier, Attorney General, and Sarah C. Prieto, Assistant Attorney General, for appellant Florida Department of Revenue.

The Joseph Firm, P.A., and Marck K. Joseph, for appellee.

Before LOGUE, LINDSEY and BOKOR, JJ.

BOKOR, J.

The State appeals from an order granting Saul Scruggs' motion to vacate a default judgment of paternity and child support entered against him. Because the trial court entered the challenged order without first conducting an evidentiary hearing, we vacate the order and reverse and remand for further proceedings consistent with this opinion.

**Background**

In 2013, the Florida Department of Revenue, acting on behalf of relatrix Brittny Bryan, filed a Petition to Determine Paternity and Award Child Support naming Scruggs as respondent. The State failed to effect service on four occasions but ultimately filed a facially valid Return of Service on a substitute party by the name of "Maurice Scruggs."

On January 5, 2015, an unsigned, handwritten document was filed, stating in part: "I Saul Scruggs am submitting my written response to the child support lawsuit . . . . I am requesting that the paternity be obtained prior to authorizing child support . . . . I have no real stable home or income at this time."

The trial court referred the matter to a magistrate. On April 30, 2015, the trial court adopted a recommended order mandating paternity testing and noting Scruggs' failure to appear before the magistrate. On November 17, 2015, the State moved for a final judgment by default, alleging that Scruggs

2

had never filed a responsive pleading or appeared for testing. On February 1, 2016, the court adopted a recommended judgment of paternity and child support by default. Scruggs began paying child support.

On May 2, 2024, Scruggs filed a verified Motion to Vacate Final Judgment and Quash Service. The Motion alleged that he was homeless at the time of service, never lived at the address where he was served by substitute party, and did not know anyone named "Maurice Scruggs." He argued that the judgment was void for lack of personal jurisdiction and that the default was improper given his filing of a handwritten answer.

A hearing on the Motion to Vacate was held in two parts on October 8, 2024, and February 18, 2025; Scruggs appeared at both parts. The State argued that Scruggs waived his arguments by paying child support for several years and by failing to timely raise the issues in a responsive pleading. Without taking new evidence and over the State's objection, the court granted the motion. The court explained: "I'm ruling on the pleadings. I'm ruling on the paperwork before me. I have a question as to whether this Respondent was serve[d] originally in 2014 and I'm vacating the judgment based on that."

The written order further explained that vacatur had been granted based on the State's failed attempts at service, in conjunction with Scruggs'

3

sworn allegations. The order deferred ruling on whether service should be quashed and whether the default was proper, referring these matters back to the general magistrate "to be addressed at an evidentiary hearing." The State filed a timely Notice of Appeal.

**Analysis**

The standard of review governing orders that grant relief from judgment is abuse of discretion. Rinconcito Latino Cafeteria, Inc. v. Ocampos, 276 So. 3d 525, 527 (Fla. 3d DCA 2019). An abuse of discretion occurs when "judicial action is arbitrary, fanciful, or unreasonable or where no reasonable man would take the view the trial court adopted." Johnson v. State, 47 So. 3d 941, 943 (Fla. 3d DCA 2010) (citing Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980)). This Court has held that, where a motion to vacate sets forth a colorable entitlement to relief, trial courts "should conduct an evidentiary hearing to determine whether such relief should be granted." Rinconcito Latino, 276 So. 3d at 527 (quotation omitted). Here, we have a facially valid return of service, and at least a putative answer from Scruggs. Scruggs both contests service and asserts that the answer was filed by someone else. But Scruggs' allegations create a disputed issue and at most a colorable entitlement to relief. And in moving to quash service, the burden of proof falls on Scruggs to refute a facially valid return of service.

4

Where such a claim is raised and contested, like here, the trial court "errs in granting a motion for relief from judgment without affording the opposing party an opportunity to be heard at an evidentiary hearing." Id. (quoting Arcila v. BAC Home Loans Servicing, L.P., 145 So. 3d 897, 898 (Fla. 2d DCA 2014)). Here, the trial court granted the requested relief without affording the State an opportunity to be heard at an evidentiary hearing.

Furthermore, "discretion can only be exercised by a court after it has received competent, substantial evidence permitting a discretionary decision." Sourcetrack, LLC. v. Ariba, Inc., 34 So. 3d 766, 768 (Fla. 2d DCA 2010); see also Rude v. Golden Crown Land Dev. Corp., 521 So. 2d 351, 353 (Fla. 2d DCA 1988) ("Absent such evidence, a court's vacation of final judgment constitutes an abuse of discretion."). Because no evidence was taken, the trial court here could not have received competent substantial evidence permitting its exercise of discretionary power. Consequently, the court abused its discretion. We therefore vacate the order vacating the default final judgment and reverse and remand for further proceedings.

Reversed and remanded for further proceedings; order vacated.