LETTS, Judge.
This case involves two incompatible orders entered by the same Dade County circuit judge. The first in time of these was an order, stipulated to by counsel, transferring the case to Broward County. The second was an order of dismissal stating that the case had been settled which everyone agrees it had not. This latter order was finally interpreted by the Bro-ward County Circuit Judge, to whom the case had been transferred, to require dismissal because he had no jurisdiction. We disagree, reverse and remand.
We have all heard of “wild” deeds to real property. Before us now is a “wild” order. Apparently both sides agreed that Dade County constituted an improper venue and so stipulated on the record. The stipulation also incorporated the judge’s order filed May 24, 1982, which transferred the case to Broward County. All parties proceeded in Broward on this premise for over two years up through and during trial held in September of 1984. It was after the close of the plaintiff’s case that the trial court, sua sponte, discovered the wild order dismissing the case in Dade, said order filed June 14,1982, some three weeks after the stipulated-to order of transfer.
This order of dismissal did not indicate that any copies of it were sent to counsel and in fact none were. (See Fla.R.Civ.P. 1.080.) It is obvious it was never intended to be seen by counsel for either side, it was not prepared by counsel, not sent to counsel and was not known about by either counsel. Studying the wording of this wild order, it appears to be an internal form document intended to direct the Dade County clerk’s office to remove the case from the computer. Quite obviously the wrong form was used. Instead of directing that the case be removed from the computer because it had been transferred, the order erroneously, and completely out of the blue, commanded the removal because the case had been settled. Thus, it is not the entry or the filing of the second order that constituted the error, it was the reason given in it that was error.
We agree that relief cannot be obtained under Rule 1.540(b) because over one year has gone by, but we see no reason why it could not be obtained under Rule 1.540(a). It was a “clerical error” to state that the cause was to be removed because it had been settled. All parties agree that it had not been settled, it had been transferred.
It is true that we have no authority over a Dade County Circuit Court, but we firmly believe that the Broward Circuit Court erred in assuming it had no jurisdiction because of this wild order which was filed after the order of transfer.
We, therefore, reverse the Broward County trial judge’s ruling, and direct him to enter an order requiring counsel to seek relief under Rule 1.540(a) in Dade County. This would permit the Dade County trial judge to consider retracting the language of the order filed June 14th which contained an obvious clerical error. See Town of Hialeah Gardens v. Hendry, 376 So.2d 1162 (Fla.1979).
DOWNEY and WALDEN, JJ., concur.