BLUE, Acting Chief Judge.
Sheila DiPiazza appeals from an order denying a motion to reopen her personal injury action against Palm Beach Mall, Inc. DiPiaz-za contends her claim against Palm Beach *832 was dismissed as the result of a clerical error or fraud and that she is entitled to relief pursuant to Florida Rule of Civil Procedure 1.540(a) or (b), even though she sought relief more than a year after the order of dismissal. We agree with the trial court that there is no evidence of fraud. However, the record fails to exclude clerical error as the reason for the order of dismissal; thus, we reverse and remand for an evidentiary hearing on that issue.
According to her complaint, DiPiazza was injured when she fell in a hole outside the Port Charlotte Town Center Mall. DiPiazza sued Palm Beach Mall, Inc., which operated the Town Center Mall, and Rheinschmidt Contracting Company, a company installing brick paving in the mall’s parking lot. On August 16, 1995, DiPiazza and Rheinschmidt entered into a stipulation for dismissal with prejudice and an order approving the dismissal was filed. The stipulation did not refer to Palm Beach and was not signed by Palm Beach. However, the entire case was dismissed, including DiPiazza’s claims against Palm Beach.
More than a year after the dismissal order was entered, DiPiazza discovered that the entire case had been dismissed. She then filed a motion to reopen the case as to Palm Beach. The circuit court initially granted the motion but ultimately dismissed the case with prejudice as reflected in the original order of dismissal. The circuit court treated DiPiazza’s motion as a motion for relief under Florida Rule of Civil Procedure 1.540(b), and denied the motion based on its correct determination that there was no fraud involved and therefore the motion was untimely filed.
The record before us appears to support DiPiazza’s contention that she settled only with Rheinschmidt and the clerk’s office should not have dismissed the entire case. DiPiazza presents alternate arguments in support of her claim for relief: (1) that she is entitled to relief under Florida Rule of Civil Procedure 1.540(a) because the dismissal as to Palm Beach was a clerical error; or (2) that she is entitled to relief under Florida Rule of Civil Procedure 1.540(b) because the dismissal was basically a fraud. We agree with Palm Beach, and the circuit court’s ruling, that the record before us does not support relief based on fraud. However, this unique situation involves a factual question as to whether the stipulation and dismissal included Palm Beach. If the stipulation and dismissal did not include Palm Beach, then the dismissal order as to Palm Beach involves a clerical error. A dismissal based on a clerical error, unlike an error based on neglect or mistake, may be corrected more than one year after entry of an order of dismissal. See Fla. R. Civ. P. 1.540(a) and (b).
Marks v. Wertalka, 475 So.2d 273 (Fla. 3d DCA 1985), involved a motion to correct a clerical mistake under rule 1.540(a). The Wertalkas had sued Joseph Marks, Edward Rosen and Central Taxi. There was a settlement and agreed-upon final judgment. The judgment made no mention of either Marks or Rosen. Several years later, Central Taxi went bankrupt and the Wertalkas filed a motion to “correct or amend” the judgment to include Marks and Rosen. “The motion alleged that when the case was called for trial, counsel for the respective parties acknowledged in open court that they had reached a settlement and agreed to the entry of a final judgment, but that in the typing of the final judgment, the names of the defendants Marks and Rosen were inadvertently omitted.” 475 So.2d at 274. The circuit court granted the motion and Marks and Rosen appealed.
On appeal, the Third District reversed for an evidentiary hearing, placing the burden on the Wertalkas to show that the agreement was in fact announced in open court. If the Wertalkas were able to meet their burden, the motion could be granted based on clerical error. If the Wertalkas could not meet their burden, the motion should be denied because it would then involve a substantive change. See 475 So.2d at 274.
In Underwriters at Lloyd’s London v. Rolly Marine Service, Inc., 475 So.2d 265 (Fla. 4th DCA 1985), a “wild” order was entered because a clerk’s office employee used the wrong computer entry form, resulting in the case being erroneously dismissed when it should have been transferred to another ven *833 ue. The circuit judge in the new venue honored the dismissal order, ergo, an appeal. The Fourth District determined that relief was not available under rule 1.540(b) because more than one year had passed since the “wild” order was entered. The court found that relief was available under rule 1.540(a) due to a “clerical error.” The opinion states that the parties agreed that the case was transferred and not settled. See 475 So.2d at 266.
The above cases support a reversal in this case. Accordingly, we reverse and remand for an evidentiary hearing. On remand, Di-Piazza has the burden of proving that the settlement/dismissal did not include Palm Beach. If this burden is met, the trial court should then set aside the order under rule 1.540(a) based on clerical error.
Reversed and remanded for an evidentiary hearing.
QUINCE and NORTHCUTT, JJ., concur.