PER CURIAM.
 

 The issue in this appeal is whether the trial court abused its discretion in denying appellant’s Rule 1.540 motion to vacate the order dismissing the case for lack of prosecution. The final order of dismissal was rendered on August 27, 2009. In October 2009, appellant filed a motion to vacate and re-enter the final judgment for purposes of appeal. After a hearing, appellant supplemented her motion with affidavits stating that neither of appellant’s trial attorneys received a copy of the final order of dismissal. Appellee filed no evidence to rebut these affidavits and conceded that va-catur and re-entry of the order to permit an appeal was appropriate. The trial court, nevertheless, denied the motion.
 
 [1]
 

 Rule 1.080(h)(1) requires that conformed copies of all orders must be mailed to the parties. When a party demonstrates that he or she did not receive a copy of a final order, the trial court abuses its discretion in refusing to vacate and re-enter that order to permit that party to appeal.
 
 Broward County v. Eller Drive Ltd. P’ship,
 
 873 So.2d 534 (Fla. 4th DCA 2004);
 
 Rosso v. Golden Surf Towers Condo. Ass’n,
 
 711 So.2d 1298 (Fla. 4th DCA 1998);
 
 Spanish Oalcs Condo. Ass’n v. Compson of Fla., Inc.,
 
 453 So.2d 838 (Fla. 4th DCA 1984). In this case, the evidence supports appellant’s contention that she did not receive a copy of the order, and appellee produced no evidence in rebuttal. Accordingly, we find that the trial court abused its discretion in refusing to vacate and re-enter the order of dismissal. We reverse and remand for re-entry of the final order of dismissal.
 
 [2]
 

 Reversed and remanded.
 

 FARMER, DAMOORGIAN and LEVINE, JJ., concur.
 

 [1]
 

 . Appellant, contemporaneous with her motion to vacate, filed a motion to reconsider the order of dismissal that the trial court likewise denied. Appellant has not cited any error regarding the order on reconsideration. Despite the focus of appellee’s brief on this issue, we do not address this order.
 

 [2]
 

 . Like the order denying reconsideration of the order of dismissal, appellant has also not
 
 *1118
 
 sought review of the underlying order of dismissal. Though the temptation exists for us to address this ultimate issue, we may not do so at this juncture. The parties have not briefed the issue, and the full record has not been supplied. We reserve judgment on the propriety of the order of dismissal because the parties have not raised this issue in a sufficient manner for effective appellate review. "This Court will not depart from its dispassionate role and become an advocate by second guessing counsel and advancing for him theories and defenses which counsel either intentionally or unintentionally has chosen not to mention.”
 
 Polyglycoat Corp. v. Hirsch Distribs., Inc.,
 
 442 So.2d 958, 960 (Fla. 4th DCA 1983).