PER CURIAM.
United Funding, LLC (“United”) seeks review of an order denying its motion to vacate filed pursuant to Florida Rule of Civil Procedure 1.540. Because under the circumstances of this case we conclude that an abuse of discretion occurred, we reverse the trial court’s order and remand for re-entry of the three Final Judgments at issue.
On August 3, 2010, the trial court entered three Final Judgments (“Judgments”) for Attorney Fees and Costs against Stuart Kalb (“Kalb”) as Trustee and United. United argues that it did not receive copies of the Judgments until the time for filing a Motion for Rehearing already had passed and only three (3) days before the time to file a Notice of Appeal had lapsed. The trial court denied United’s motion.
In support of its argument, United relies on three cases: Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980) (holding that “mistake or inadvertence” under 1.540(b) occurred due to the court’s failure to mail copies of the judgment to the parties and no substitution for that formal notice was presented); Bien-Aime v. MSRH Board Walk, LLC, 41 So.3d 1117 (Fla. 4th DCA 2010) (finding that the court abused its discretion in denying appellant’s 1.540 motion to vacate the order when appellant never received a copy of the final order of dismissal and appellee filed no evidence to rebut the argument); and Rosso v. Golden Surf Towers Condo. Ass’n, 711 So.2d 1298 (Fla. 4th DCA 1998) (holding that the court abused its discretion in denying appellant’s motion to vacate when no copy of the court’s written order was served on appellant until more than two months after the order of dismissal, when appellant received a copy from appellee’s counsel). We find these cases persuasive.
Appellee argues, however, that even if United lacked formal notice, United received actual knowledge of the Judgments when Kalb filed an Emergency Motion to Vacate the Judgments on August 20, 2010, thirteen (13) days before the deadline for appeal. Appellee asserts that this actual knowledge cures the lack of formal notice. We disagree. This type of notice is “no *712 substitute for the formal notice requirement imposed by Rule 1.080(h)(1).” Gibson, 381 So.2d at 851.
Rule 1.080(h)(1) requires that conformed copies of all orders must be mailed to the parties. When a party demonstrates that he or she did not receive a copy of a final order, the trial court abuses its discretion in refusing to vacate and re-enter that order to permit that party to appeal.
Bien-Aime, 41 So.3d at 1117 (citations omitted).
In the instant case, United received a copy of the order after the time for rehearing had passed, but with three days remaining to file an appeal. We find that the untimely receipt of the trial court’s order, for no cause attributable to United, left United with an unreasonably short time frame within which to determine whether to seek a full appeal. Further, by receiving the order after the expiration of the ten-day period for filing a motion for rehearing, United was prevented from seeking certain relief available under that rule but not on appeal. See, e.g., Fla. R. Civ. P. 1.530(b) (upon a motion for rehearing, trial court has authority to take additional testimony).
Because the evidence before this Court supports United’s argument that it did not receive copies of any of the three orders at issue, and no contrary evidence was produced, we find that the trial court abused its discretion in refusing to vacate and reenter the three final judgments for fees and costs. See Bien-Aime, 41 So.3d at 1117. As we are reversing the trial court’s denial of the Rule 1.540(b) motion, we need not address the remaining issues raised by United on appeal.
Reversed and remanded.