# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2210
Lower Tribunal No. 09-4405
_____

**Renovaship, Inc.,**
Petitioner,

vs.

**Barclay Quatremain, et al.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Schatzman & Schatzman and Arnold D. Schatzman, for petitioner.

Behar, Gutt & Glazer and Ira Gutt and Robert J. Edwards (Fort Lauderdale); David J. Schottenfeld (Plantation), for respondents.


Before EMAS, FERNANDEZ and SCALES, JJ.

EMAS, J.

**INTRODUCTION**

Petitioner Renovaship, Inc. filed a petition seeking certiorari review of the trial court's order vacating an earlier order dismissing the action for lack of prosecution. Renovaship asserts that the trial court lacked jurisdiction to vacate its earlier dismissal order and to continue exercising jurisdiction over the case. We agree, treat this proceeding as a petition for writ of prohibition[1] and, for the reasons that follow, grant the petition, and quash the order on review.

**FACTS**

Petitioner Renovaship, together with Dennis Carbee, Oscar Medina and Denny Rodrigues, were the defendants below.[2] Respondent Barclay Quatremain was the plaintiff below, and commenced the action on January 21, 2009. Renovaship and the other defendants answered the complaint, and Renovaship filed a counterclaim against Quatremain, to which Quatremain filed an answer and affirmative defenses.

---

[1] See Fla. R. App. P. 9.040(c) (providing: "If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought. . . ."). A writ of prohibition is the appropriate remedy to prevent a trial court from proceeding in a cause over which it no longer has jurisdiction. English v. McCrary, 348 So. 2d 293 (Fla. 1977); Fonseca v. Taverna Imports, Inc., 193 So. 3d 92 (Fla. 3d DCA 2016).

[2] Though Carbee, Medina and Rodrigues were, together with Renovaship, the defendants below, they are designated as respondents in the instant petition only because they did not join in the petition filed by Renovaship. See Fla. R. App. P. 9.020(g)(4). In their response to the petition, however, they adopt the position advocated by Renovaship and urge this court to grant the petition.

On November 20, 2014, the trial court sua sponte issued a Notice of Lack of Prosecution, see Fla. R. Civ. P. 1.420(e),[3] and Notice of Hearing on the Court's Motion to Dismiss for Lack of Prosecution. The notice included a hearing date of March 12, 2015, and required any party opposing dismissal to show good cause in writing, at least five days before the March 12, 2015 hearing, why the case should remain pending.

The order further provided that the parties were required to attend the March 12, 2015 hearing, and advised that "[t]he failure of the party opposing the motion to appear at the hearing and to timely file a showing of good cause in writing, if required, shall constitute an abandonment of any justified defense to the motion

_____

[3] Fla. R. Civ. P. 1.420(e) provides:

> Failure to Prosecute. In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

3

and the above styled action shall be dismissed for lack of prosecution upon further order of the Court on the date of the hearing. . . ."

Quatremain failed to file any separate pleading of good cause in response to the notice. Also, and importantly, Quatremain (and his counsel) failed to appear at the March 12, 2015 hearing. On March 12, 2015, the trial court entered an order dismissing the action for lack of prosecution. No motion for rehearing was filed, and no appeal was taken from this dismissal order.

On June 29, 2016, more than fifteen months after entry of the dismissal order, Quatremain filed a motion to vacate the March 12, 2015 order dismissing the action for lack of prosecution. Attached to the motion was an Affidavit of Good Cause, in which Quatremain's counsel averred, inter alia, that:

- He did not receive the November 20, 2014 Notice of Lack of Prosecution until December 11, 2014;
- He filed a notice of trial on January 28, 2015, and this was good cause and record activity within the 60-day time period required by the Notice and by rule 1.420(e);[4]

_____

[4] Rule 1.420(e) provides that record activity may occur within sixty days following service of the notice of lack of prosecution. Quatremain asserts that his filing of the notice of trial on January 28, 2015 meets this requirement, contending that he did not receive the court's November 20, 2014 notice of lack of prosecution until December 11, 2014. Given our holding in this case, we need not reach the question.

- He did not receive the March 12, 2015 order dismissing the case for lack of prosecution, and thereafter continued to litigate the case, under the belief that the action remained pending;[5]
- He first learned of the March 12, 2015 dismissal order on April 26, 2016, when he contacted the trial court's judicial assistant regarding the status of a pretrial order.

Renovaship opposed the motion to vacate, contending, inter alia, that the trial court no longer had jurisdiction and was therefore without authority to vacate the dismissal order. The trial court granted Quatremain's motion, and on August 29, 2016, entered an order vacating its earlier dismissal order of March 12, 2015.

## ANALYSIS

As a general rule, "a trial court loses jurisdiction upon the rendition of a final judgment and expiration of the time allotted for altering, modifying or vacating the judgment." Ross v. Wells Fargo Bank, 114 So. 3d 256, 257 (Fla. 3d DCA 2013).[6] The trial court retains jurisdiction to the extent such is specifically

---

[5] Inexplicably, the parties continued to engage in discovery during the period between the March 15, 2015 dismissal order and the June 29, 2016 motion to vacate the dismissal order. This included: serving interrogatories and answers to interrogatories; a May 15, 2015 hearing at which the trial court entered an order compelling better answers to interrogatories; and Quatremain's notice to set cause for non-jury trial, filed on April 12, 2016.

[6] This court (and regrettably, this author) has on prior occasions referred to this issue as one involving subject-matter jurisdiction. See Ross, 114 So. 3d at 256. However, subject-matter jurisdiction does not involve the power of the court to hear the *particular* case, but instead concerns itself with "the power of the trial court to deal with a class of cases to which a particular case belongs." Cunningham v. Standard Guar. Ins. Co., 630 So. 2d 179, 181 (Fla. 1984). The type of

5

reserved in the final judgment or as otherwise provided by statute or rule. Id. In the instant case, the order dismissing the action for lack of prosecution contained no reservation of jurisdiction, and the order became final when no motion for rehearing was served within the fifteen-day period following the order of dismissal. See Fla. R. Civ. P. 1.530(b). Thus, Quatremain's only avenue to alter, modify or vacate that dismissal order was by motion filed pursuant to Florida Rule of Civil Procedure 1.540(b), which, under limited circumstances and time constraints, provides relief from a judgment, order or decree. Pruitt v. Brock, 437 So. 2d 768 (Fla. 1st DCA 1983). That rule provides in relevant part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.

---

jurisdiction at issue in this case is therefore more accurately characterized as "procedural jurisdiction," "case jurisdiction" or "continuing jurisdiction." See Paulucci v. General Dynamics Corp., 842 So. 2d 797, 801 n. 3 (Fla. 2003); U.S. Bank Nat. Ass'n v. Anthony-Irish, 41 Fla. L. Weekly D2330 at *2 n.3 (Fla. 5th DCA Oct. 14, 2016).

6

Quatremain's motion to vacate contained no mention of rule 1.540 or any rule upon which he asserted an entitlement to vacatur of the dismissal order. However, we can discern, from the contents of his motion, two potential bases for which he sought relief:

1. Under rule 1.540(b)(1), that the order of dismissal for lack of prosecution was erroneously entered because there was evidence of record activity; that Quatremain, through mistake, inadvertence, surprise or excusable neglect, was unaware that this order had been entered; and that both parties had continued to engage in discovery and motion practice despite the dismissal order.

2. Because neither Quatremain nor his counsel ever received the March 12, 2015 order, and did not became aware of its existence until April 26, 2016, the dismissal order must be vacated.

We decline to reach the merits of the first claim: any asserted error in the trial court's entry of a dismissal order should have been appealed by Quatremain or raised in a rule 1.540 motion filed within one year of the order. See Fla. R. Civ. P. 1.540(b)(1) (providing that a motion seeking relief from a judgment based upon mistake, inadvertence, surprise or excusable neglect shall be filed "not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.")

Having been filed fifteen months after entry of the dismissal order, Quatremain's motion was untimely under rule 1.540(b)(1).[7]

Quatremain's second argument is that neither he nor his counsel ever received the dismissal order and did not become aware of its existence until more than a year later. While not expressly set forth in the motion to vacate, Quatremain's argument implied that the failure to receive the dismissal order constituted a denial of due process, rendering the order "void" under rule 1.540(b)(4) and subject to attack at any time. However, such a contention is unavailing here, and the cases holding a judgment void on due process grounds are inapposite.

The general principle of law is well-settled: a final judgment[8] entered without adequate notice of the hearing and an opportunity to be heard is void. See, e.g., Curbelo v. Ullman, 571 So. 2d 443 (Fla. 1990); U.S. Bank Nat. Ass'n v. Proenza, 157 So. 3d 1075 (Fla. 3d DCA 2015); Rodriguez v. ALS Commercial

---

[7] Because the motion to vacate was filed more than one year after entry of the order, we do not address whether Quatremain might have prevailed had he timely sought relief under rule 1.540(b)(1), on the basis that the trial court failed to serve a copy of the dismissal order, preventing Quatremain from timely filing a notice of appeal. See, e.g., United Funding, LLC v. Brandao, 77 So. 3d 710 (Fla. 3d DCA 2011); Rosso v. Golden Surf Towers Condo. Ass'n, 711 So. 2d 1298 (Fla. 4th DCA 1998).

[8] By its terms, rule 1.540(b)(4) provides relief only from a "judgment or decree." However, this court has recently held that the term "judgment" includes a final order of dismissal, and that such a final order is subject to attack as void under subsection (b)(4). See De La Osa v. Wells Fargo Bank, N.A., No. 3D14-1455 (Fla. 3d DCA Dec. 14, 2016) (en banc).

Funding, LLC, 138 So. 3d 491 (Fla. 3d DCA 2014); State ex rel. Prinzee v. Thurmond, 721 So. 2d 827 (Fla. 3d DCA 1998) and cases cited.

However, Quatremain does not claim that he was not given *notice of the hearing* on the motion to dismiss for lack of prosecution; nor does Quatremain contend that his failure to attend the hearing was the result of any lack of notice, or that he was denied the opportunity to be heard at that hearing. Indeed Quatremain and his counsel concede they received the notice of hearing months in advance of the hearing date.[9] Further, Quatremain and his counsel knew, from the express language of that notice, that the parties were required to attend the March 12, 2015 hearing, and that "[t]he failure of the party opposing the motion to appear at the hearing and to timely file a showing of good cause in writing, if required, shall constitute an abandonment of any justified defense to the motion and the above styled action shall be dismissed for lack of prosecution upon further order of the Court on the date of the hearing." (Emphasis added.)

---

[9] The notice of hearing was issued by the court and sent to counsel on November 20, 2014. Quatremain's counsel avers that he did not receive this notice until December 11, 2014. That passage of time, however, is irrelevant to the analysis of whether the order of dismissal was void on due process grounds. Even if Quatremain received the notice of hearing three weeks after it was rendered, there was no prejudice to Quatremain, since the hearing was not held until March 12, 2015—more than three months after Quatremain's counsel received the notice, and with more than enough time for Quatremain to comply with all of the directives contained in the notice.

9

The fact that Quatremain and his counsel never received a copy of the order entered at the conclusion of the hearing of which they had notice (and at which they were required to appear) does not constitute a denial of due process so as to render that order void and subject to vacatur at any time. This case is therefore distinguishable from situations in which a party did not receive *notice of the hearing* or an opportunity to be heard, amounting to a denial of due process. Under such circumstances, the subsequent order is subject to attack as a void judgment under rule 1.540(b)(4). See, e.g., Curbelo, 571 So. 2d at 445; Jade Winds Ass'n, Inc. v. Citibank, N.A., 63 So. 3d 819 (Fla. 3d DCA 2011); Niki Unlimited, Inc., v. Legal Services of Greater Miami, 483 So. 2d 46, 48 (Fla. 3d DCA 1986); See also Shiver v. Wharton, 9 So. 3d 687, 690 (Fla. 4th DCA 2009) (holding that "[a] judgment is void if, in the proceedings leading up to the judgment, there is '[a] violation of the due process guarantee of notice and an opportunity to be heard'" (quoting Viets v. Am. Recruiters Enterps., Inc., 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006)).

For example, in State ex rel. Johnson v. Haughton, 188 So. 3d 32 (Fla. 3d DCA 2016), the trial court entered an order terminating a father's obligation to pay child support arrearages. The Department of Revenue moved to vacate that order under rule 1.540(b)(4) because it never received notice of the hearing. The trial

10

court denied the motion to vacate and we reversed, holding that the original order was void on due process grounds:

> The trial court's order setting aside the arrears owed by Haughton was issued without any notice to DOR, and therefore, the trial court's order in the instant case was entered in violation of DOR's fundamental due process rights. The order is, therefore, void, see Shields [v. Flinn], 528 So.2d [964] at 968 [Fla. 3d DCA 1988], and the trial court was required to grant DOR's rule 1.540(b)(4) motion to set aside the order.

> The most basic requirement of procedural due process is that a party to the litigation must be provided with notice and an opportunity to be heard. State, Dep't of Revenue ex rel. Lawson v. Young, 995 So.2d 1080, 1081 (Fla. 1st DCA 2008). "The right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." Dep't of Revenue ex rel. Poynter v. Bunnell, 51 So.3d 543, 546 (Fla. 1st DCA 2010) (internal quotation omitted).

Id. at 34 (emphasis added).

Here, and unlike the situation in Haughton, Quatremain received notice of the hearing and did indeed "choose for himself whether to appear or default, acquiesce or contest." Quatremain chose not to appear, even though he knew that his attendance was required, and that his failure to attend would result in a dismissal of the action. The mere fact that Quatremain's counsel asserted, more than a year later, that he never *received the dismissal order* that was entered on the day of a hearing which he chose not to attend, provides no rational basis for a conclusion that the dismissal order was void on due process grounds. See State ex rel. Coleman v. Williams, 3 So. 2d 152 (Fla. 1941) (holding final judgment was

11

not void where trial court entered final judgment after defendant was given due notice and opportunity to heard and defendant failed to appear at hearing and failed to seek to amend or vacate final judgment until time for doing so had expired). Having been placed on adequate notice that Quatremain's failure to appear would result in the trial court's entry of an order dismissing the case, and thereafter failing to appear at the hearing, counsel should have, at the very least, checked the court docket or contacted the trial court or opposing counsel to ascertain what action the trial court took at the hearing, and should have obtained a copy of the order entered at that hearing. See Contreras v. Mendez, 194 So. 3d 396 (Fla. 3d DCA 2016).

## **CONCLUSION**

Quatremain's motion to vacate was untimely, because it was filed more than one year after the dismissal order was rendered and thus not subject to attack under rule 1.540(b)(1)-(3). Further, the motion to vacate could not be filed beyond the one-year time limit because it was not void under rule 1.540(b)(4), and Quatremain's failure to receive a copy of the order did not constitute a denial of due process because he received notice for, yet failed to attend, a hearing at which his presence was required, and was forewarned that his failure to attend the hearing would constitute a basis for dismissal of the action.

The trial court was without continuing jurisdiction to vacate the prior dismissal order and reinstate the action. We therefore grant the petition and quash the trial court's order of August 29, 2016. We withhold formal issuance of the writ.

Petition granted; order quashed.