NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ESTELLA PURDUE, as personal )
representative of the Estate of Leroy )
Purdue, deceased, )
    )
    Appellant, )
    )
v. )     Case No. 2D18-333
    )
R.J. REYNOLDS TOBACCO COMPANY )
and PHILIP MORRIS USA, INC., )
    )
    Appellees. )
_____ )

Opinion filed November 14, 2018.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pinellas County;
Jack St. Arnold, Judge.

Lorenzo Williams of Gary, Williams, Parenti,
Watson & Gary, P.L.L.C., Stuart, for
Appellant.

Marie A. Borland and Troy A. Fuhrman of
Hill Ward Henderson, Tampa; and
Charles R.A. Morse of Jones Day, New
York, New York, for Appellee R.J. Reynolds
Tobacco Company.

Geoffrey J. Michael of Arnold & Porter Kay
Scholer LLP, Washington, D.C., for Appellee
Philip Morris USA, Inc.

VILLANTI, Judge.

Estella Purdue appeals the order that denied her motion to vacate a prior order that dismissed her case against R.J. Reynolds Tobacco Company and Philip Morris USA, Inc., for lack of prosecution.[1]  Because the trial court failed to hold an evidentiary hearing to address disputed issues of fact concerning whether Purdue received notice of the impending dismissal, we reverse and remand for further proceedings.

Purdue sued R.J. Reynolds and Philip Morris, among others, on January 10, 2008, in an Engle[2] progeny case.  Shortly after the case was filed, the defendants and Purdue's counsel entered into a "Standstill Agreement," pursuant to which this case was treated as stayed by the parties.  The trial court, however, was never advised of the Standstill Agreement, and there was no formal stay in place.

The trial court's docket shows that Purdue filed a notice of serving expert witness interrogatories on March 2, 2011.  Over a year later, on September 10, 2012, substituted counsel for Purdue filed a notice of designation of email address.  Between September 10, 2012, and August 2013, no record activity of any kind occurred in the case.

Based on the lack of any record activity, the trial court clerk made an entry in the docket on August 21, 2013, stating that he had mailed notices of lack of prosecution to "all parties."  However, copies of the notices that were mailed were not filed in the court file.

---

[1]We have jurisdiction.  See Fla. R. App. P. 9.130(a)(5).
[2]Engle v. Liggett Grp., Inc., 945 So. 2d 1246 (Fla. 2006).

Two months later on October 22, 2013, four separate documents, each entitled "Notice of Lack of Prosecution," were filed in the court file. These notices, which were dated August 21, 2013, were addressed to Brown & Williamson Tobacco Corporation, American Tobacco Company, John Doe Corporation, and Philip Morris USA, Inc., and provided that the action would be dismissed without further notice or hearing unless a party showed good cause in writing "at least five days before the hearing on the motion or prior to October 22, 2013," why the action should remain pending. The record contains no explanation as to why these notices were not filed in the court file until sixty days after they were allegedly mailed. Notably, none of the filed notices were addressed to Purdue or her counsel.[3]

When no party filed any objection to the dismissal or engaged in any record activity during the sixty days after the notices of lack of prosecution were sent, the trial court summarily dismissed the case under a "Master Dismissal Order" dated October 28, 2013. The "Master Dismissal Order" dismissed forty-seven separate cases that were identified on an attached list—all for lack of prosecution—and did not indicate if or how the order was transmitted to any of the parties or attorneys affected by it.

Twenty-eight months later on February 23, 2016, Purdue filed a motion to vacate the dismissal under Florida Rule of Civil Procedure 1.540. In her motion, she asserted that neither she nor her counsel had received either the notice of lack of prosecution or the master dismissal order. In support of her motion, she filed the affidavit of Attorney Paul McMahon, in which he alleged that neither he nor his office

---

[3]Interestingly, there is also no copy of any notice that was sent to R.J. Reynolds.

had ever received either the notice of lack of prosecution or the master dismissal order. Purdue also filed the affidavit of Attorney Donald Watson, in which he alleged that he had no knowledge of ever receiving a copy of the notice of lack of prosecution or the master dismissal order and further that no copy of either document could be located anywhere in the law firm's files. Purdue sought to vacate the dismissal order as a clerical mistake under rule 1.540(a), as the product of excusable neglect under rule 1.540(b)(1), or as void under rule 1.540(b)(4).

Despite the existence of the Standstill Agreement, under which this case was stayed as between the parties, R.J. Reynolds and Philip Morris objected to Purdue's motion, arguing that the order of dismissal did not contain a clerical error and was not void. They also argued that the motion to vacate was untimely under rule 1.540(b)(1) and that the attorneys' affidavits were insufficient to establish that they had not received the notice of lack of prosecution and the dismissal order. Without providing the rationale for its ruling, the trial court denied Purdue's motion to vacate. On appeal, Purdue again argues that she is entitled to relief on each of these grounds. We agree, but only in part.

First, Purdue is not entitled to relief under rule 1.540(a) because the clerk's alleged failure to mail the notice of lack of prosecution and/or the dismissal order to Purdue is not a "clerical error" as contemplated by that rule. Rule 1.540(a) provides relief from "[c]lerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from oversight or omission." The language of the rule contemplates a mistake or error in the order or judgment itself—not in the process or procedure of transmitting the order. Further, the errors contemplated by the rule are

- 4 -

only those in form, not substance. As this court has said, "[t]he 'clerical mistakes' referred to by rule 1.540(a) are only 'errors or mistakes arising from accidental slip or omission, and not errors or mistakes in the [s]ubstance of what is decided by the judgment or order.' " Byers v. Callahan, 848 So. 2d 1180, 1184 (Fla. 2d DCA 2003) (second alteration in original) (quoting Town of Hialeah Gardens v. Hendry, 376 So. 2d 1162, 1164 (Fla. 1979)). Hence, the rule is essentially designed to correct typographical errors and the like rather than to address due process violations or substantive errors in a judgment.

Here, Purdue does not allege that there is an error in the order of dismissal itself. Thus, she has not alleged an error that is cognizable under rule 1.540(a). Her reliance on DiPiazza v. Palm Beach Mall, Inc., 722 So. 2d 831 (Fla. 2d DCA 1998), where the order at issue accidentally dismissed all defendants rather than only one, and Underwriters at Lloyd's London v. Rolly Marine Service, Inc., 475 So. 2d 265 (Fla. 4th DCA 1985), where a mistake in an order entered by the clerk caused the case to be dismissed rather than transferred, is unavailing because those cases did involve actual errors in the orders themselves rather than in the process of transmitting them. Accordingly, Purdue is not entitled to relief under rule 1.540(a).

Second, Purdue is not entitled to relief under rule 1.540(b)(1) because her motion was untimely under that subsection. It is true that "[a] party can seek relief under rule 1.540(b) when he or she does not receive a copy of an order entered by the court." Waters v. Childers, 198 So. 3d 1007, 1008 (Fla. 1st DCA 2016); see also Liberty Mut. Ins. Co. v. Lyons, 622 So. 2d 621, 622 (Fla. 5th DCA 1993) ("Generally, a prior judgment, decree or order must be set aside where there is excusable neglect in the

form of a litigant's failure to receive notice of a pending hearing or trial.").  However, a motion to vacate under rule 1.540(b)(1) must be filed within one year of the entry of the judgment, order, or decree.  See Fla. R. Civ. P. 1.540(b)(1).  So while Purdue's claim that she did not receive the master dismissal order is generally cognizable under rule 1.540(b)(1), her motion, filed twenty-eight months after the entry of that order, is untimely.  See Renovaship, Inc. v. Quatremain, 208 So. 3d 280, 284 (Fla. 3d DCA 2016) (refusing to consider a motion to vacate under rule 1.540(b)(1) based on the nonreceipt of an order when the motion was filed fifteen months after the dismissal was entered).  Therefore, Purdue is not entitled to relief on this basis.

Finally, however, Purdue may be entitled to relief under rule 1.540(b)(4) if she can prove that the master dismissal order is void as having been entered without notice and an opportunity to be heard.  While the simple lack of receipt of an order or judgment is not sufficient to render that order or judgment void, an order or judgment that was entered without notice and an opportunity to be heard is void as a violation of due process.  See Renovaship, Inc., 208 So. 3d at 285 (citing Curbelo v. Ullman, 571 So. 2d 443, 445 (Fla. 1990)).  Hence, while the lack of receipt of a judgment or order arising out of a hearing of which the litigant had notice will not render a judgment or order void, lack of notice and an opportunity to be heard can, if proven, render the judgment or order void.  Id. (distinguishing between entry of a judgment without any notice of the hearing, which rendered the judgment void, and entry of a judgment arising out of a hearing of which the litigant had notice but in which the litigant chose not to participate, which was not void).  And when the facts concerning the receipt of the notice of the opportunity to be heard are disputed, the determination of whether an

order is void can be resolved only after an evidentiary hearing. See, e.g., Bayview Loan Servicing, LLC v. Dzidzovic, 249 So. 3d 1265, 1267-68 (Fla. 2d DCA 2018) ("Where a motion under rule 1.540(b) sets forth 'a colorable entitlement to relief,' the trial court should conduct an evidentiary hearing to determine whether such relief should be granted." (quoting Cottrell v. Taylor, Bean & Whitaker Mortg. Corp., 198 So. 3d 688, 691 (Fla. 2d DCA 2016))); Minda v. Minda, 190 So. 3d 1126, 1128 (Fla. 2d DCA 2016) (holding that if a rule 1.540(b) motion alleges a colorable entitlement to relief and is not refuted by the record, the trial court should either hold an evidentiary hearing on the motion or grant relief (citing In re Guardianship of Schiavo, 800 So. 2d 640, 644 (Fla. 2d DCA 2001))); cf. Chancey v. Chancey, 880 So. 2d 1281, 1282 (Fla. 2d DCA 2004) ("If a rule 1.540 motion alleges a colorable entitlement to relief, the circuit court should conduct a limited evidentiary hearing on the motion.").

Here, Purdue alleges in her motion that she did not receive the notice of lack of prosecution that warned of the pending dismissal and provided notice of the opportunity to be heard. If this allegation is true, then the master dismissal order was rendered without notice, the order would be void as entered in violation of due process, and Purdue would be entitled to relief. Hence, her motion alleges a colorable entitlement to relief that is not refuted by the record. Under these circumstances, Purdue was entitled to a limited evidentiary hearing on the issue of whether the master dismissal order should be vacated, and the trial court erred by summarily denying relief without holding such a hearing.

In defense of the trial court's order, R.J. Reynolds argues that the court properly denied the motion because Purdue did not serve it within a reasonable time.

However, at least one court has held that a motion filed two years after entry of a judgment was filed within a reasonable time.  See Polani v. Payne ex rel. Prudential Prop. & Cas. Ins. Co., 654 So. 2d 202, 204 (Fla. 4th DCA 1995).  Moreover, the Fifth District recently held that the question of whether a party has diligently sought relief under rule 1.540, i.e., acted within a reasonable time, is a matter best left to the discretion of the trial court.  See Fields v. Beneficial Fla., Inc., 208 So. 3d 278, 280 (Fla. 5th DCA 2016), review denied, No. SC17-278 (Fla. Sept. 5, 2017); see also Dzidzovic, 249 So. 3d at 1269 (remanding for an evidentiary hearing on whether a motion to vacate should have been granted and providing that "[w]e leave it to the trial court, on remand, to determine the timeliness of the motion" for determining whether it had been filed within a reasonable time).  Accordingly, the question of whether Purdue's motion to vacate was brought within a reasonable time under all of the circumstances here is a matter that the trial court should address at the evidentiary hearing on remand.

Finally, we reject Purdue's assertions in this appeal that she is entitled to have this court simply vacate the order of dismissal because her evidence of nonreceipt is unrefuted.  Here, there is a docket entry that states that the clerk of court mailed the notice of the lack of prosecution to "all parties," and the clerk is presumed to have properly discharged his duties.  See Wells v. Thomas, 78 So. 2d 378, 384 (Fla. 1954) ("We must presume that the Clerk performed his statutory duty, which was to mail the notice and certify thereto, or else certify that he had no addresses of record of the persons entitled to notice; and we think it is just as reasonable to infer that the notice to the appellee Hyslop was, in fact, mailed to him (as in the case of the other tax deed holder, Savage) and that the record thereof became misplaced, as it is to infer that the

Clerk completely ignored his statutory duty.  To do otherwise under the particular circumstances here present would amount to an imputation of fraud against the Clerk– and this we will not do in the absence of more compelling evidence."); Long v. Sphaler, 105 So. 101, 104 (Fla. 1925) (same).  Therefore, Purdue must present evidence to rebut the presumption that the clerk properly discharged his duties as documented in the docket.

Accordingly, on remand the trial court must conduct an evidentiary hearing to consider the veracity of Purdue's claim of nonreceipt of the notice of lack of prosecution and to determine whether her evidence is sufficient to overcome the presumption that the clerk properly mailed that notice.  If Purdue satisfies the trial court during that hearing that neither she nor her trial counsel received the notice of lack of prosecution and that her delay in moving to set aside the dismissal was reasonable, Purdue is entitled to have the order of dismissal vacated.  The trial court is free at the hearing to consider any additional testimony and evidence that the parties wish to present.  If, on the other hand, Purdue does not so satisfy the trial court, the dismissal order should stand.

Reversed and remanded for further proceedings.


SLEET, J., Concurs.
LUCAS, J., Concurs in part and dissents in part with opinion.

LUCAS, Judge, Concurring in part and dissenting in part.

I concur with the majority's considered opinion in most respects. However, the court's decision to reverse and remand for an evidentiary hearing appears to turn on a question over whether Ms. Purdue's motion had been filed within a "reasonable time" under Florida Rule of Civil Procedure 1.540. That particular determination is one within the sound discretion of a trial judge to make on a case-by-case basis. See Deluca v. King, 197 So. 3d 74, 75-76 (Fla. 2d DCA 2016) ("Generally, orders on 1.540(b) motions are reviewed for an abuse of discretion. . . . Whether a judgment is void for lack of personal jurisdiction is reviewed de novo." (first citing Phenion Dev. Grp., Inc. v. Love, 940 So. 2d 1179, 1181 (Fla. 5th DCA 2006); then citing Wiggins v. Tigrent, Inc., 147 So. 3d 76, 80 (Fla. 2d DCA 2014))); Eduartez v. Fed. Nat'l Mortg. Ass'n, 43 Fla. L. Weekly D1345, D1346 (Fla. 3d DCA June 13, 2018) (noting that a trial court's denial of a rule 1.540 motion "is generally reviewed for an abuse of discretion," but when the review "turns either on a purely legal, statutory construction or voidness issue, we review the rule 1.540 order de novo").[4]  In my opinion, the trial judge

_____

[4]Indeed, this ruling may even be subject to the enigmatically elevated "gross abuse of discretion" standard of review.  See Coblentz v. State, 855 So. 2d 681, 682 (Fla. 2d DCA 2003) ("Generally an order entered pursuant to Florida Rule of Civil Procedure 1.540(b) is reviewed under a gross abuse of discretion standard." (citing Tilden Groves Holding Corp. v. Orlando/Orange Cty. Expressway, 816 So. 2d 658, 660 (Fla. 5th DCA 2002))).  As our former colleague, Judge Davis, astutely observed: "We have no definition of what a 'gross' abuse of discretion includes or how it differs from an abuse of discretion.  We can only assume that it is more egregious than a typical abuse of discretion."  Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So. 2d 300, 302 (Fla. 2d DCA 2004) (footnote omitted); see also Emmer v. Brucato, 813 So. 2d 264, 265 n.1 (Fla. 5th DCA 2002) (querying that "if an abuse of discretion is an action no reasonable judge would take" what would constitute a gross abuse of discretion—one "only an extremely unreasonable judge would take").  Regardless of the standard's vagaries, it is clear our review here is supposed to be highly deferential to the trial court.  The majority's pointing to one instance where an appellate court *affirmed* the granting of

- 10 -

was well within his discretion to dispense with Ms. Purdue's motion without an evidentiary hearing. Some further background will explain what informs that view.

As the majority notes, in 2008, the attorneys for the parties entered into what has been described as the Standstill Agreement, which was, in effect, an agreement to stay this proceeding, along with several other lawsuits.[5] For reasons that have yet to be shared with any court or judge, neither the Standstill Agreement nor a proposed order to effectuate the agreement's stay was ever submitted to the trial court. Instead, the Standstill Agreement contemplated that Ms. Purdue's counsel would, from time to time, file something with the court in order to prevent precisely what eventually happened here (a dismissal for nonactivity). The parties to the agreement represented they understood "that additional documents will need to be filed to comply with the terms herein." And the Standstill Agreement specifically provided:

> In all cases subject to the Standstill Agreement, Plaintiffs shall be permitted to file a notice every 6 months, or more often if required by the courts, to inform the courts that the cases should not be dismissed for want of prosecution. Plaintiffs shall be permitted to file additional documents, as often as they deem necessary, as long as the sole purpose of such filings is to prevent dismissals for want of prosecution.

Obviously, that didn't happen in Ms. Purdue's case.

---

a rule 1.540 motion filed two years after the entry of a judgment, Polani v. Payne ex rel. Prudential Prop. & Cas. Ins. Co., 654 So. 2d 202, 204 (Fla. 4th DCA 1995), to justify *reversing* this trial court's denial of a similarly timed motion does not comport with the heightened deference we should be giving.

[5]The Standstill Agreement was part of a larger agreement between the defendants and the law firm representing Ms. Purdue, which was entitled "Agreement on Engle Progeny Cases Filed by Gary Williams Firm."

For reasons that also remain unexplained (even after the submission of a motion, supporting affidavits, appellate briefs, and oral argument), Ms. Purdue's various lawyers did not file anything or check the court docket in her case for over two years. This, in spite of an agreement that all but directed them to do so. Indeed, Ms. Purdue's motion contained no substantive argument that it was being filed within a reasonable time. Nor did her appeal. So it is hard for me to find any fault with the trial judge's decision under these circumstances (much less a "gross abuse of discretion"); and I fail to see what purpose an evidentiary hearing could serve when the moving party has never articulated a reason for having one.

Rule 1.540(b)(4) can provide an avenue of relief if an attorney did not receive prior notice of an adverse judgment;[6] but that avenue was only open for Ms.

_____

[6]For better or worse, we are constrained by the precedent in our state to continue viewing a lack of sufficient notice surrounding a judgment's entry as akin to the judgment being "void." See Renovaship, Inc. v. Quatremain, 208 So. 3d 280, 285 (Fla. 3d DCA 2016) (collecting cases and holding "[t]he general principle of law is well-settled: a final judgment entered without adequate notice of the hearing and an opportunity to be heard is void" (footnote omitted)). In Florida, this pronouncement traces back to a statement in State ex rel. Fulton Bag & Cotton Mills v. Burnside, 15 So. 2d 324, 326 (Fla. 1943) ("It is settled law that where it appears that a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard as required by law, errors or irregularities, or even wrong doing [sic] in the proceedings, short of an illegal deprivation of an opportunity to be heard, will not render the judgment void."), which, in turn, was based on an unelaborated citation to Malone v. Meres, 109 So. 677 (Fla. 1926). First of all, Burnside's recitation notwithstanding, a judgment issued after a failure to furnish sufficient notice of a hearing would more properly be understood as one that has simply been entered in error or, at most, a "voidable" ruling. Cf. Wiggins, 147 So. 3d at 81 (explaining that a "void judgment is so defective that it is deemed never to have had legal force and effect," while a "voidable judgment is a judgment that has been entered based upon some error in procedure that allows a party to have the judgment vacated" (quoting Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So. 2d 658, 665 (Fla. 2d DCA 2007))). Moreover, Burnside's pronouncement appears to have been a misreading of Malone's precedent. Malone concerned a commercial foreclosure proceeding that had been litigated in a court of chancery in which the distinction

- 12 -

Purdue if her motion had been brought within a reasonable time of the dismissal order. Ms. Purdue's attorneys have not told this court, or the trial court below, how or why her motion was filed within a reasonable time, nor how the evidentiary hearing the majority is now ordering on remand will shed any light on her argument . . . whatever that argument may end up being.

I would affirm the order below.

---

between "jurisdiction" as a general matter versus the jurisdiction of a court in equity was in dispute. 109 So. at 683-84. While the Malone court had much to say about the nature of jurisdiction—and whether a lack of jurisdiction renders a tribunal's orders void—none of that discussion pertained to the effect of a lack of notice within a proceeding (other than a brief mention within the opinion that there was no contention made about a lack of service or appearance by the defendant, id. at 687-88). In fact, Malone's opinion could have been better understood to *limit* the notion that a judgment is void to situations where a court acts beyond its subject matter jurisdiction or where there was a want of personal jurisdiction over a litigant. See id. at 685 ("To authorize the assertion that a judgment is void, it must have emanated from a court of limited jurisdiction not acting within its legitimate prerogative or from a court of general jurisdiction, where the parties are not actually or by legal construction before the court and subject to its jurisdiction."); see also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (holding that a judgment entered when a tribunal does not have personal jurisdiction over the defendant is a violation of due process and is void).

I point all this out only because our appellate courts have, at times, appended terms like "void" or "lack of jurisdiction" to rulings to indicate nothing more than their view that the ruling was especially wrong. The desire to find suitable words to convey a strong disagreement is certainly understandable; it would be better, though, if we were a little more selective with our nomenclature. Legal terms such as "void" and "jurisdiction" come with a long pedigree that give them specific meaning and effect. Preserving their clarity is important in this context especially because, as Ms. Purdue notes in this appeal, if we are to apply the term "void" in its most accurate sense, rule 1.540(b)'s "reasonable time" limitation would not apply to her motion—if indeed the dismissal order was truly "void." See Wiggins, 147 So. 3d at 81 ("There is no time limitation on setting aside a void judgment." (citing Johnson v. State, Dep't of Revenue, ex rel. Lamontagne, 973 So. 2d 1236, 1238 (Fla. 1st DCA 2008))).