# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1364
Lower Tribunal No. 15-29753
_____

**Helen Akuwudike,**
Appellant,

vs.

**Fritz Albert McKenzie, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

The Belleh Law Group, PLLC, and Owei Z. Belleh (Plantation), for appellant.

No appearance, for appellees.

Before EMAS, SCALES and MILLER, JJ.

SCALES, J.

Appellant Helen Akuwudike appeals the trial court's August 26, 2020 order that purportedly dismissed this case for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). We quash the challenged order because the trial court lacked procedural jurisdiction[1] to enter the order.

The record reveals that, on June 14, 2019, the trial court entered a final summary judgment against appellees Fritz Albert McKenzie and New Horizon Income Tax Firm, Inc. That judgment, which was not appealed, reserved jurisdiction only "to enter further orders that are proper to compel the judgment debtor(s) to complete form 1.977."

"Generally, a trial court loses jurisdiction upon the rendition of a final judgment and expiration of the time allotted for altering, modifying or vacating the judgment." Ross v. Wells Fargo Bank, 114 So. 3d 256, 257 (Fla. 3d DCA 2013); Patin v. Popino, 459 So. 2d 435, 436 (Fla. 3d DCA 1984). The trial court retains jurisdiction to the extent that jurisdiction is specifically reserved

---

[1] "Procedural jurisdiction" (also known as "continuing jurisdiction" or "case jurisdiction") refers to the "power of the court over a particular case that is within its subject matter jurisdiction." U.S. Bank Nat'l Ass'n v. Anthony-Irish, 204 So. 3d 57, 60 (Fla. 5th DCA 2016) (quoting Tobkin v. State, 777 So. 2d 1160, 1163 (Fla. 4th DCA 2001); see also Sanchez v. Sanchez, 285 So. 3d 969, 974 (Fla. 3d DCA 2019). Because practitioners and courts – including this Court – have used the term "jurisdiction" loosely, and even improperly, we endeavor to identify with better precision how we characterize a court's jurisdiction. See Renovaship, Inc. v. Quatremain, 208 So. 3d 280, 283 n.6 (Fla. 3d DCA 2016); see also Sanchez, 285 So. 3d at 974 n.8.

in the final judgment or to the extent provided by statute or rule of procedure.

Ross v. Damas, 31 So. 3d 201, 203 (Fla. 3d DCA 2010); Harrell v. Harrell, 515 So. 2d 1302, 1304 (Fla. 3d DCA 1987).

Hence, after the expiration of the time allotted for altering, modifying, or vacating the trial court's June 14, 2019 final judgment, the trial court lost procedural jurisdiction over this case on all matters other than enforcement of the judgment debtors' obligation to complete Florida Rule of Civil Procedure Form 1.977. The trial court therefore was without procedural jurisdiction to: (i) enter its June 17, 2020 Notice of Lack of Prosecution and Order to Appear for Hearing; (ii) conduct the August 26, 2020 hearing on same; and (iii) enter the resulting August 26, 2020 order purportedly dismissing the case.

Order quashed.