DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

NATIONWIDE INSURANCE COMPANY OF AMERICA,

Appellant,

v.

AUTO GLASS AMERICA, LLC, a/a/o NICK MAY,

Appellee.

No. 2D2024-1635

_____

September 5, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the County Court for Hillsborough County; James Salvatore Giardina, Judge.

Petra L. Justice of Banker Lopez Gassler, P.A., Tampa, for Appellant.

David M. Caldevilla of de la Parte, Gilbert, McNamara & Caldevilla, P.A., Tampa; and Anthony T. Prieto of Morgan & Morgan, P.A., Tampa, for Appellee.

LaROSE, Judge.

Nationwide Insurance Company of America appeals the trial court's order vacating a 2017 order dismissing Auto Glass America, LLC's, lawsuit for lack of prosecution. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(B), 9.130(a)(5). Auto Glass failed to show entitlement to relief under Florida Rule of Civil Procedure 1.540(b). Thus, we reverse.

## I.   Background

Nationwide's insured, Nick May, sustained damage to his vehicle's windshield.  Auto Glass repaired the windshield.  Mr. May assigned his rights and benefits under his Nationwide insurance policy to Auto Glass.  Allegedly, Nationwide refused to pay the full price charged by Auto Glass.

On May 6, 2016, Auto Glass, as Mr. May's assignee, sued Nationwide for breach of contract.[1]  Nationwide answered the complaint in July 2016.  Auto Glass filed an amended complaint, to which Nationwide responded on August 22, 2016.

On May 9, 2017, the court clerk served the parties with a notice of intent to dismiss for lack of prosecution.  The notice provided that "[i]f good cause why this action should remain pending is filed . . . , a hearing on the question will be held . . . on July 19, 2017, at 9:30 AM."  The notice warned that failure to appear may result in dismissal.

Auto Glass filed a statement of good cause on May 22, 2017.  It claimed that the parties were attempting to resolve a discovery dispute and pursuing settlement negotiations.  Auto Glass advised that it "intends to notice this case for trial at the appropriate time in the event a settlement is not reached."[2]

The trial court held a hearing on July 19, 2017.  Neither party appeared.  The trial court dismissed the lawsuit under Florida Rule of Civil Procedure 1.420(e).

---

[1] Auto Glass incorrectly named Allied Property & Casualty Insurance as the original defendant.  By joint stipulation, Auto Glass substituted Nationwide as the defendant.

[2] Auto Glass did not note the clerk's mistaken use of a six-month time period for record activity, instead of the ten-month time period provided in Florida Rule of Civil Procedure 1.420(e).

Over a month later, Auto Glass filed a notice indicating that the case was ready for trial. For reasons unknown to us, Auto Glass did not mention the dismissal order.

The case lay dormant for over six years. Auto Glass somehow learned of the dismissal order; on March 13, 2024, it moved to vacate the dismissal order under rule 1.540. The motion was unverified, and Auto Glass did not submit a supporting affidavit. Nevertheless, Auto Glass contended that because it "did file record evidence '*within the 60 days immediately following the service of [the] notice*,' . . . . the matter was dismissed by mistake." It asserted that the order was void.

The trial court held a hearing on June 3, 2024. The Auto Glass attorney who filed the lawsuit and the rule 1.540 motion did not appear. He was out of town. Another attorney from the same firm appeared for Auto Glass. Auto Glass argued that it had filed a statement of good cause and that there was "a bunch of record activity within a timely manner." Nationwide responded that Auto Glass did not file its motion within a reasonable time.

Auto Glass claimed that the original attorney "didn't know that . . . [the case] was dismissed." However, "[u]pon realizing the case was dismissed, whether it was because the case was in a batch of cases that they were working on to get resolved or for whatever reasons, once it was brought to the attention of [the original attorney], he immediately filed the [m]otion timely."

The trial court noted that "there was in fact record activity after the [n]otice, good cause shown, but [it does not] see the actual hearing. While there is an [o]rder, there's no hearing, no record of the hearing."[3]

_____

[3] The copy of the docket filed as Auto Glass's exhibit to its rule 1.540 motion indicated that a hearing was scheduled for July 19, 2017,

Recognizing that "a licensed member of The Florida Bar and officer of the Court" represented that Auto Glass filed the rule 1.540 motion "immediately upon learning of the improper [d]ismissal," the trial court granted the motion and vacated the dismissal order.

## II.   **Discussion**

Nationwide argues that "[t]he trial court did not, and could not, find that the dismissal order was void." Nationwide asserts that the trial court impermissibly relied on unsworn representations by Auto Glass's counsel. It also noted the lack of any evidence that Auto Glass was denied due process rights. Importantly, Nationwide stressed that waiting some six years to file a motion to vacate was unreasonable.

Auto Glass responds that the dismissal order was void because the record facts precluded dismissal for failure to prosecute. It also claims the trial court violated its due process rights. Auto Glass further asserts that it could have filed a rule 1.540(b)(4) motion "at any time."

The parties agree that the trial court could not have vacated the dismissal order for "mistake" under rule 1.540(b)(1). Clearly, such a motion would have been untimely. *See* Fla. R. Civ. P. 1.540(b). Consequently, we assess whether the dismissal order was void under rule 1.540(b)(4). *Cf. State Farm Mut. Auto. Ins. Co. v. Statsick*, 231 So. 3d 528, 531 (Fla. 2d DCA 2017) (reviewing whether the judgment was void where the movant and the trial court failed to specify the provision of rule 1.540(b) under which vacatur was granted). We review the issue de novo. *See Jamuna Petroleum, Inc. v. Conklin*, 391 So. 3d 627, 631 (Fla. 2d DCA 2024) ("Although we ordinarily review a ruling on a motion to set aside for abuse of discretion, 'a trial court has no discretion to refuse to

---

at 9:30 a.m. That docket entry does not appear on the current docket. Neither party explained this discrepancy.

vacate a void judgment.' Such claims are generally reviewed de novo." (quoting *Deluca v. King*, 197 So. 3d 74, 75 (Fla. 2d DCA 2016))).

"A judgment is void when it is entered by a court lacking jurisdiction over the subject matter of the case or jurisdiction over the person of the defendant or where there is a violation of due process." *Statsick*, 231 So. 3d at 531; *see also State ex rel. Fulton Bag & Cotton Mills v. Burnside*, 15 So. 2d 324, 326 (Fla. 1943) ("It is settled law that where it appears that a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard as required by law, errors or irregularities, or even wrong doing in the proceedings, short of an illegal deprivation of an opportunity to be heard, will not render the judgment void.").

The trial court had the necessary jurisdiction to render the dismissal order. It afforded Auto Glass notice and an opportunity to be heard before rendering the dismissal order. Indeed, the clerk's notice informed the parties of a hearing date and warned of dismissal if they failed to attend. Auto Glass filed a good cause statement. *See Nie v. Beaux Gardens Assocs., Ltd.*, 923 So. 2d 1200, 1200 (Fla. 3d DCA 2006) ("Plaintiffs' filing of the notices for pretrial conference and case management conference precludes dismissal under Fla. R. Civ. P. 1.420(e)."). The dismissal order indicated that the trial court held a hearing. Apparently, the parties were absent, despite the clerk's admonition. Then, some six years passed.

To the extent the parties dispute whether a hearing actually occurred, Auto Glass merely presented counsel's argument. It presented no *evidence* that it lacked notice of or an opportunity to be heard on the notice of lack of prosecution. *See Purdue v. R.J. Reynolds Tobacco Co.*, 259 So. 3d 918, 922 (Fla. 2d DCA 2018) ("And when the facts concerning

5

the receipt of the notice of the opportunity to be heard are disputed, the determination of whether an order is void can be resolved only after an evidentiary hearing."); *e.g.*, *Statsick*, 231 So. 3d at 533 ("The hearing on Ms. Statsick's motion to vacate the stipulated judgment was limited to argument of counsel. No evidence was presented either through witnesses or documents that would have permitted the trial court to make the factual finding that it did.").

The trial court's claimed error rendered the dismissal order voidable, not void. *See Statsick*, 231 So. 3d at 531-33; *Fla. Power & Light Co. v. Canal Auth. of State of Fla.*, 423 So. 2d 421, 423 n.5 (Fla. 5th DCA 1982) ("If a court has jurisdiction in a case but simply errs in its decision, its action is merely voidable and, if not timely corrected, is final and binding. In contrast, when a court acts without jurisdiction, its action is void and subject to collateral attack.").

Auto Glass earns no relief under rule 1.540(b)(4).[4] *See Statsick*, 231 So. 3d at 531; *cf. Coral Gables Imports, Inc. v. Suarez*, 219 So. 3d 101, 103-04 (Fla. 3d DCA 2017) (holding that "Suarez correctly moved to vacate the dismissal order as void, pursuant to [rule] 1.540(b)(4), where

---

[4] Even if the dismissal order was void, Auto Glass failed to provide any evidence that it diligently, within a reasonable time, sought relief under rule 1.540(b)(4). *See Purdue*, 259 So. 3d at 922-23 (explaining that the question of whether a party has diligently and timely sought relief under rule 1.540(b)(4) is within the trial court's discretion and that the trial court should address factual disputes at an evidentiary hearing); *e.g.*, *Waiswilos v. Feacher*, 370 So. 2d 1250, 1251 (Fla. 4th DCA 1979) ("Even so, [rule 1.540(b)(4)] requires that a motion for reason that the judgment or decree is void must be made within 'a reasonable time.' A motion filed over five years after the dismissal was not filed within such reasonable time." (citing Henry P. Trawick, *Trawick's Florida Practice & Procedure*, § 26-8, at 414 (1978 ed.)).

the court entered the dismissal order *without notice* and the record reflected record activity." (emphasis added)).

### III.    Conclusion

Auto Glass failed to establish entitlement to relief under rule 1.540.  Therefore, we reverse the trial court's order vacating the dismissal order.  We remand for reinstatement of the dismissal order.

Reversed and remanded.

MORRIS and ROTHSTEIN-YOUAKIM, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.